LOUISVILLE, NEW ORLEANS & TEXAS RY. CO. *v.* E. M. SUDDOTH.

1. RAILROADS. *Killing stock. Negligence. Instruction.*

In an action against a railroad company for killing a horse on its track, where there is evidence tending to show negligence on the part of the engineer, an instruction is erroneous which declares disjunctively that defendant is not liable if the employes used reasonable care to avoid the injury, or, after seeing the animal, it was impossible to stop the train in time to avoid the injury. The impossibility of stopping after *seeing* the danger could not relieve from previous negligence, if such there was.

2. ERRONEOUS INSTRUCTION. *Modification of; who may complain.*

One who has asked an erroneous instruction cannot assign for error its modification, for, if not content with it as modified, he should have declined to read it to the jury.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

The case is stated in the opinion.

*Mayes & Harris*, for appellant.

*Fitzgerald & Maynard*, for appellee.

Argued orally by *J. B. Harris*, for appellant.

COOPER, J., delivered the opinion of the court.

The appellee sued the appellant to recover the value of a horse killed by one of its trains.

The plaintiff's evidence tended to show negligence on the part of the engineer of the train, especially in not checking its speed when the danger of injuring the animal became apparent. The defendant asked the court to instruct that, "if they believe, from a preponderance of the evidence, that

the defendant's employes used reasonable care and caution to avoid the injury, or that, after seeing the horse on the track, it was impossible to have stopped the train in time to avoid the injury, they will find for the defendant."

The court modified the instruction, so that it read as follows: "If they believe, from. a preponderance of the evidence, that the defendant's employes used reasonable care and caution to avoid the injury, *and* that, after seeing the horse on the track, it was impossible to have stopped or slowed up the train in time to avoid the injury, they will find for the defendant."

It may be admitted that the instruction, as modified, imposed upon the defendant too great a degree of care to avoid injury to the animal, after its danger was discovered, and was, therefore, erroneous. But this will avail nothing, unless the instruction, as asked, was correct. If the defendant was not content with the instruction, as modified, it should have declined to read it to the jury.

No modification of an erroneous instruction can be assigned for error by the party asking the instruction, for the court might refuse such instruction outright. One who is entitled to nothing cannot complain that he gets something, but less than he asks. The instruction, as asked, was erroneous, because of its statement, in the disjunctive, that doing what could have been done to avoid the injury, after the danger was discovered, discharged the defendant from any precedent negligence.

*The judgment is affirmed.*