Louisville & Nashville Railroad Company *v.* Armstead
McCaskell.

[53· South. 348.]

1. Courts. *Jurisdiction.   Torts committed in other states.   Instructions..*
*Punitive damages.*
Courts of one state or country have the right to take jurisdiction.
of non-statutory causes of action for torts to persons or property
based upon acts or omissions done or occurring in other states.
or countries, where there is jurisdiction of the subject-matter and
of the party, and in such case may award punitive damages if
· justified.

2. Same.
Whether a law of one state is penal in the sense that it cannot be
enforced in the courts of another state depends upon the question·
whether its purpose is to punish an offense against public justice·
or to afford a private remedy to a person injured by a wrongful
act.

3. Instructions.
Where the amount awarded as damages is not in excess of the actual
damages sustained, the fact that the question of punitive damages.
was submitted by instruction to the jury is not reversible error.

4. Modification of Instructions.
Where an erroneous instruction is asked and is modified by the·
court, the modification cannot be assigned as error, where it is.
used before the jury by the party asking it; he should not read·
it to the jury, if he objects to the modification and the record
should so show.

APPEAL from the circuit court of Jackson county.

HON. W. H. HARDY, Judge.

Suit by Armstead McCaskell against the Louisville & Nashville Railroad Company. Judgment for plaintiff and defendant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green, Gregory L. Smith* and *Joel W. Goldsby,* for appellant.

No brief of counsel for appellant found in the record.

*May & Saunders,* for appellee.

Counsel for appellant insist that no punitive damages are properly allowable because they assume, first, that the wrongful conduct complained of occurred in the state of Alabama. This is an assumption of fact not borne out by the record. And they say upon this assumption that the conductor in charge of the appellant's train had the right to eject the appellee from the train in a proper manner because the contract which was exhibited entitled the holder to a ride from Scranton to Mobile and not from Mobile to Scranton as the train was going.

We might concede for the sake of argument that the incident occurred in Alabama, and still the plaintiff was entitled to recover, because the conduct and treatment of the plaintiff by the conductor was rude, oppressive and insulting, and furthermore, the right of the plaintiff to ride on the ticket was one governed by contract and it was a Mississippi contract made at Scranton, Mississippi, and, of course, to be solved by the law of the place of the making of the contract. The law of the state of Mississippi has been fully and clearly settled since the *Riley case,* 68 Miss. 765, was decided. In that case the outgoing conductor, by mistake, took up the wrong end of a round trip ticket and the returning conductor refused to accept and honor the going end of the ticket. The returning conductor refused to honor the

contract and a verdict of three hundred dollars was awarded the plaintiff in that case, and was not disturbed. For additional authorities on this proposition see the following: *Pennsylvania Co.* v. *Bray,* 125 Ind. 229; *Lake Erie, etc. R. Co.* v. *Fix,* 88 Ind. 381, 45 Am. Rep. 464; *Philadelphia, etc. R. Co.* v. *Rice,* 64 Md. 63; *Rouser* v. *North Park St. R. Co.,* 97 Mich. 565; *Baltimore, etc. R. Co.* v. *Bambrey* (Pa. 1888), 16 Atl. Rep. 67; Am. and Eng. Ency. of Law, vol. 5, 603, note; Hutchinson, Carriers, 3d Ed., vol. 2, §§ 1062, 1064; *Ellsworth* v. *Chicago, B. & Q. R. Co.,* 29 L. R. A. 173; *Pennsylvania Co.* v. *Lenhart,* 56 C. C. A. 467; *Scofield* v. *Pennsylvania Co.,* 56 L. R. A. 224; *Kansas City, etc. R. R. Co.* v. *Little,* 97 Am. St. Rep. 377; *Memphis St. Ry. Co.* v. *Graves,* 100 Am. St. Rep. 803; *New York, L. E. & W. R. Co.* v. *Winter,* 36 Law Ed., U. S. Sup. Ct. 73; Thompson on Negligence, §§ 2570, 3195, 3200-3.

In the case of *Railway Company* v. *Livingston,* 84 Miss. 1, the company was held liable for the misconduct of the conductor of its freight train, which did not carry passengers, for cursing and abusing a trespasser in ejecting him from the train. In that case a verdict of two thousand dollars was returned, which was cut to one thousand dollars in the supreme court. Chief Justice Whitfield protesting against the reduction of the damages. See, also, *Jackson* v. *Railroad Co.,* 76 Miss. 703; *Mitchell* v. *Southern Railway Co.,* 77 Miss. 917; *Vicksburg Company* v. *Marlett,* 78 Miss. 872; *Railroad Co.* v. *Moore,* 79 Miss. 766.

But counsel say that because, on their assumed state of facts, this wrong was committed in Alabama, the Mississippi courts should not furnish redress, notwithstanding it is a Mississippi contract. This contention has been settled adversely to their view by the case of *Pullman* v. *Lawrence,* 74 Miss. 782, in which the court sustained a fifteen thousand dollars verdict for actual and punitive damages in a suit for injuries occurring

outside of the state on a contract made in another state between citizens of another state. In order to sustain the contention of counsel, it would be necessary to over-rule the case of *Pullman* v. *Lawrence* and then assume that the injury occurred in Alabama. In other words, it would be necessary to unmake the law and make some facts for the record. This, we do not believe the court will do.

Counsel next proceed to argue that the court erred in giving the two instructions asked by the plaintiff, and of the instruction No. 2, they especially complain, the said instruction being in this language:

"The court instructs the jury to find for the plaintiff the amount of the value of his fare from Mobile to Scranton and such additional sum as the jury may be-lieve proper under the evidence the plaintiff is entitled, and if they believe he is entitled to recover punitive damages from the evidence, not to exceed two thousand dollars."

The instruction limits the award of the jury to the amount sued for. If they had been instructed that they might award punitive damages for any amount they believed the plaintiff was entitled to recover under the evidence, that instruction would have been complained of because not limiting the award to the amount de-manded in the declaration. We submit that the instruc-tion was proper as given, but if it can be said that it was calculated to magnify to the minds of the jury the injuries done to the plaintiff, the amount of their award is conclusive that they were not misled by the instruction, and that the defendant, therefore, was not injured by it, and, therefore, if error can be predicated of the instruc-tion, it was not prejudicial error, and this is manifest.

We deem it unnecessary to cite cases from this court which hold that causes will not be reversed for error committed in the trial which manifestly did no harm.

Instructions which have been approved which told the jury that they might find for the plaintiff in a sum not to exceed the amount sued for, we take a few at random from Brickwood Caskett Instructions, vol. 1, 3d Ed., page 602. Instruction was approved by Supreme Court of Indiana which concluded as follows: "And may find for him in such sum as in the judgment of the jury and all the evidence in the case will compensate him for the injuries received, not, however, exceeding the sum of twenty thousand dollars."

Page 619 we find a similar instruction approved by the Supreme Court of Missouri, and another at page 630, and many more are therein cited which we deem it needless to enumerate. But the number is so great as to show that the practice is well nigh universally approved by the courts.

If the instructions were proper as modified, error cannot be predicated of them, because they were used by the appellant. As said by the court in *Railway Company* v. *Suddoth,* 70 Miss. 265, "If the defendant was not content with the instruction as modified, it should have declined to read it to the jury." In the Suddoth case the instruction as asked was erroneous, and as modified and used was erroneous. The court said the railway company could not complain of the modification because it used the instruction, and this holding was reaffirmed and approved in the case of *Railroad Company* v. *Hardy,* 80 Miss. 732, and *Railroad Company* v. *Byrd,* 89 Miss. 308.

ANDERSON, J., delivered the opinion of the court.

The appellee, McCaskell, sued the appellant, the Louisville & Nashville Railroad Company, for personal injuries, and recovered a judgment for two hundred fifty-one dollars and twenty-five cents, one dollar and twenty-five cents of which was actual damages, and two hun-

dred and fifty dollars punitive damages, from which judgment this appeal is prosecuted.

The evidence for the appellee tended to establish these facts: He lived at Moss Point, Mississippi, and bought a round-trip ticket from his home, over appellant's road, to Mobile, Alabama. On his trip to Mobile, without his knowledge, the conductor took up the wrong end of the ticket. This he did not discover until the conductor in charge of the train on his return trip refused the ticket left in his possession. Soon after leaving Mobile on his return, the conductor in charge of the train came through the car occupied by appellee and called for his ticket. The appellee presented to him the end of the ticket handed back to him by the conductor in charge of the train going to Mobile, which he refused to receive, and demanded the cash fare, one dollar and twenty-five cents. The appellee informed him of the circumstances of having bought a ticket from Moss Point to Mobile and return, and if the wrong end had been torn off he did not know it. The conductor then told him if he did not pay the cash fare of one dollar and twenty-five cents he would put him off, and used a good deal of profanity, and abused and frightened him, causing him to cry. There was a swamp at this point on the road. The appellee, not having sufficient money to pay his fare, went back in another coach and borrowed enough; the conductor following him. The cash fare of one dollar and twenty-five cents was paid, and appellee went to his destination.

The testimony for appellee that the conductor on the train going to Mobile took up the wrong end of his ticket is undisputed. However, the conductor in charge of the returning train and another employe testified that the former indulged in no cursing or abuse of the appellee. Whatever injury was received by the appellee occurred soon after the train on which he was traveling

left Mobile, and therefore must have taken place in the state of Alabama.

It is contended for appellant that, the tort complained of having been committed in Alabama and the rights of the parties being governed by the laws of that state, to permit the judgment for punitive damages to stand in this case would amount to the enforcement by the courts of this state of the penal laws of a sister state, in violation of the well-established principle that criminal and penal laws can have no extraterritorial effect, and such laws of one country will not be enforced by the courts of another, and that this question was not presented nor passed on in *Pullman Palace Car Co.* v. *Lawrence,* 74 Miss. 782, 22 South. 53. In that case the defendant was an Illinois corporation, and the injury took place in that state. The judgment was for actual and punitive damages, and it was held that the courts of this state had jurisdiction of actions of tort by any suitor, "whether resident or non-resident, against his adversary whether resident or non-resident, whether a natural person or an artificial one, regardless of where the injury occurred, provided there is jurisdiction of the subject-matter and of the party." It is true the very point, that to permit the judgment in that case to stand would violate the principle that the courts of one country would not enforce the penal laws of another, was not passed on. Whether a law of one state is penal, in the sense that it cannot be enforced in the courts of another state, "depends upon the question whether its purpose is to punish an offense against the public justice, or to afford a private remedy to a person injured by a wrongful act." *Huntington* v. *Attrill,* 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123.

Punitive damages for willful injury to the person are universally allowed in all countries having the common law and in many others. The principles of law under which they are allowed are not penal, in the sense that

they can have no extraterritorial effect. The imposition of such damages is not for the purpose of punishing an offense against the public justice, but rather to afford redress to the person injured, and for the public good, by deterring the offender and others from like offenses. "The rights of the courts of one state or country to take jurisdiction of nonstatutory causes of action for torts to persons or personal property based upon acts or omissions done or occurring in other states or countries, has been frequently exercised, and is established beyond dispute." 2 Wharton on Con. Laws (3d Ed.), 1093. Jurisdiction of such causes of action carries with it the power to impose punitive damages, if allowable by the *lex loci delicti.*

The giving of instruction No. 2 for appellee is assigned as error, by which the jury were authorized to find a verdict not to exceed two thousand dollars, provided the evidence justified a finding of punitive damages. This instruction is approved by numerous authorities. The contention is, however, that in this case a verdict for two thousand dollars would have been excessive, and therefore the instruction was not applicable. Conceding the proposition to be sound (which we do not decide), there is a demonstration that in this case the jury was not misled, in that the amount of their verdict was not excessive.

Appellant asked two instructions, which the court gave after modifying, and which were read to the jury by its counsel, who, before doing so, objected to such modifications, and excepted to the action of the court in that respect. It is insisted that these charges were correct as asked, and erroneous as modified. We are relieved from deciding this question, for, by using the charges as modified, appellant adopted them as its own, and will not be heard to complain at the action of the court in making the modifications. It was held in *Railroad* v. *Byrd,* 89 Miss. 308, 42 South. 286; *Railroad Co.* v. *Hardy,*

88 Miss. 732, 41 South. 505, and *Railroad Co.* v. *Suddoth,* 70 Miss. 265, 12 South. 205, that where an erroneous instruction is asked, and is modified by the court, the modification cannot be assigned as error, where it is used before the jury by the party asking it. The reasoning of those cases applies with equal force where the instruction as asked is correct. The party asking it should not read it to the jury if he objects to the modification, and the record should so show.

*Affirmed.*