ANSTEAD, Judge,
dissenting:
The deceased, Martha Arnstein, died during the pendency of this appeal. Mrs. Arn-stein sued the appellees, a hotel and a restaurant, for failing to render prompt aid to her when she began choking on a piece of meat. She claimed that the appellees were negligent in two respects: in failing to train their personnel to render first aid to choking patrons, and in failing to call for medical assistance within a reasonable time. The trial court dismissed an amended complaint with prejudice. I concur in the dismissal as to the allegations concerning training of the hotel and restaurant personnel, as I do not believe there is any duty to provide medically trained employees in anticipation of the problem that occurred here. However, I believe that appellant’s allegations that the appellees failed to secure medical aid within a reasonable amount of time stated a cause of action. While the allegations were not precise, I think they sufficiently alleged a violation of appellees’ duty to promptly secure medical assistance when appellees were placed on notice that Mrs. Arnstein required medical aid and could not secure such aid for herself. Neither of the parties has been able to cite a case on point. However, under similar circumstances, carriers have been held to have a duty to secure aid with reasonable promptness:
When a passenger becomes sick or is injured while en route, no matter how free the carrier may be of any blame in respect to the sickness or injury, the carrier owes to the passenger the consideration and care of common humanity, and if the carrier neglects that care which the enlightened sentiments of common humanity would dictate, and by reason of that neglect after the injury has occurred the passenger suffers damage, the carrier is liable. It is the duty of the carrier to see to it that the passenger is placed where he can receive proper treatment, and with reasonable promptness, and not leave him in a helpless condition lying on the floor suffering the tortures of an injury such as is shown in this case. The above language is closely paraphrased from that found in Railroad Co. v. Byrd, 89 Miss. [308] at page 321, 42 So. 286, and no further authority is necessary, but the following cases are also to the same effect: Eidson v. Southern Ry. Co. (Miss.) 23 So. 369; Atchinson, T. & S. F. Railroad Co. v. Weber, 33 Kan. 543, 6 P. 877, 52 Am.Rep. 543; Railway Co. v. Salzman, 52 Ohio St. 558, 40 N.E. 891, 49 Am.St.Rep. 745; Conolly v. Railway Co., 41 La.Ann. 57, 5 So. 259, 6 So. 526, 3 L.R.A. 133, 17 Am.St.Rep. 389; Middleton v. Whitridge, 213 N.Y. 499, 108 N.E. 192, Ann.Cas. 1916C, 856.
Hughes v. Gregory Bus Lines, 157 Miss. 374, 128 So. 96, 97 (1930).
*1147 Also see Restatement (Second) of Torts, § 314(a) (1965).
It may well be that the appellees will be entitled to a summary judgment on the actual factual circumstances that existed since appellees claim that they did act with reasonable promptness in calling for help after being put on notice of appellant’s condition. But I believe the appellant is at least entitled to have that issue resolved.