ILLINOIS CENTRAL RAILROAD CO. *v.* MARY ARNOLA.

LICENSEE. *Owner's duty.*

> The owner of land owes no duty to a licensee who enters thereon of his own pleasure without inducement, except to refrain from doing him wilful or wanton injury.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Arnola, the appellee, was plaintiff, and the railroad company, the appellant, defendant in the court below. From a judgment in plaintiff's favor, the defendant appealed to the supreme court. The opinion states the case.

*Mayes & Harris,* for appellant.

*J. S. Sexton* and *R. P. Willing, Jr.,* for appellee.*

TERRAL, J., delivered the opinion of the court.

The appellee, in order to avoid making the angle of the street corner, crossed the lot of the appellant, and, by the negligence of its servant engaged in painting a water tank thereon, was seriously injured. The path across the lot of appellant was

---

*The reporter has been unable to find the briefs of counsel on either side.

used indiscriminately by the citizens of Crystal Springs, but without any inducement held out by the railroad company for them to do so. The appellee was not on business with the company, but was upon its lot of land in pursuit of her own pleasure and errand. She was a mere licensee, and the appellant owed her no duty except that of not inflicting upon her a wilful or wanton wrong. The appellee was injured by the negligence of one of appellant's servants, and for that negligence the appellant is not liable. A person who, without the invitation or inducement of the owner, goes upon the land or premises of such owner, takes such permission with all the dangers attending it. A master is not responsible to a servant for the negligence of a fellow-servant; *a fortiori* he is not responsible to a stranger for such negligence. The appellee, in going upon the private lands of the appellant, took upon herself all the risks of such entry. The damage suffered by her is not an injury for which an action lies. *Batchelor* v. *Fortescue,* 2 L. R., Q. B. D., 474; *Hounsell* v. *Smyth,* 97 E. C. L. R., 742; *Redigan* v. *R. R. Co.,* 155 Mass. Rep., 144, s. c. 14 L. R. A., 276; *Collis* v. *Selden,* 3 L. R., C. P. Cas., 495; *Gantrel* v. *Egerton,* 2 L. R., C. P. Cas., 371.

*Reversed, and judgment entered here for appellant.*