HARDAWAY *v.* STATE.

[91 South. 418. No. 22257.]

1. CRIMINAL LAW. *Modification of instructions not considered on appeal, where record does not show modification made.*

   An assignment of error based upon the modification of instructions will not be considered, where the record does not show what, if any, modification the trial court made in such instructions.

2. CRIMINAL LAW. *Defendant, who refused to read correct instructions on manslaughter, could not complain on appeal that court did not charge jury on law of manslaughter.*

   In a murder case, where the court granted the defendant instructions which, as they appear in the record, correctly announce the law of manslaughter, and which are not shown by the record to have been modified, the defendant cannot complain that the question of manslaughter was not submitted to the jury, where he refused to read such instructions to the jury on account of alleged modification.

3. HOMICIDE. *Refusal of instruction not supported by evidence held proper.*

   An instruction which is not supported by the evidence is properly refused.

APPEAL from circuit court of Lowndes county.

HON. THOS. B. CARROLL, Judge.

John Hardaway was convicted of murder, and he appeals. Affirmed.

*W. C. Meek,* for appellant.

These instructions have been given and passed on from time immemorial and are well grounded in the criminal law. See *Mask* v. *State,* 36 Miss. 77; 2 Morris State Cases, pages 1101-1120, where same is reported.

From the above it is evident the court mistook the law and erred most egregiously and incorrectly. The mere reading of the evidence in the record shows plainly the correctness of this assignment. It was weak and this court will not permit a human being imprisoned for life, or at all, on such a weak case, not made out.

H. *Cassedy Holden,* special assistant attorney-general for the state.

The appellant complains that the court refused certain instructions requested by the defendant. See record pages 78 and 79. There was no error in the refusal of any of these instructions. The court offered to grant some of them with modifications, but the defendant refused to use the instructions as modified.

Instruction number 3, refused, is an instruction presenting the theory of manslaughter. So are instructions number 15, number 4, number 19. Certainly these instructions were properly refused. There was no element of manslaughter in the evidence. There was no heat of passion, sudden provocation, no absence of malice. Nor was there any other features in the evidence which would have justified a manslaughter instruction. On the other hand the evidence shows that the killing was premeditated, and without any provocation whatsoever. It would have been error for the court to have granted a manslaughter instruction under the facts of the case.

Instruction number 7, refused, is not supported by the evidence. The most that can be said is that the defendant suspected his wife. He gave no facts upon which such a suspicion could be reasonably founded. Moreover the instruction is a misstatement of the law. A man has no right to kill another in defense of his home. Such a kill-

ing is not excusable or justifiable, but is manslaughter under certain circumstances. *Rowland* v. *State,* 83 Miss. 483, 35 So. 826.

Instructions number 4 and number 18, refused, are correct statements of the law, but are not supported by the evidence.

COOK, J., delivered the opinion of the court.

The appellant, John Hardaway, was convicted of murder and sentenced to the penitentiary for life at the September, 1921, term of the circuit court of Lowndes county, and from this judgment and sentence he prosecutes this appeal.

As eyewitnesses to the tragedy, the state introduced two little girls about eight years of age, daughters of the appellant and the deceased. These witnesses were first qualified as competent witnesses by preliminary examination, and they testified that, accompanied by their mother, they had started to the house of a neighbor, where their mother intended to do some sewing; that after they had proceeded a short distance along a path through the woods, they were overtaken by their father, the appellant, who was armed with a shotgun; that appellant said to his wife that he had been intending to kill her for some time; that he then struck her on the head with the barrel of the gun; that their mother screamed and retreated from him, begging him not to shoot her; that he then raised the gun and shot her in the stomach at close range, from which wound she died shortly afterwards. According to the testimony of these state witnesses the killing was a cold, unprovoked, and deliberate murder.

The defendant testified that the shooting was accidental; that he did not intend to kill his wife; that he had suspected his wife of infidelity for some time, and that as she was proceeding along the path through the woods he saw a man approaching her, whom he suspected she intended to meet; that he got his gun and went to talk to this man;

that as he approached the man ran, and his wife, becoming afraid and excited, seized the gun, and in a struggle over the weapon it was accidentally discharged, with fatal effect.

Appellant complains of the modification of various instructions, without pointing out wherein any instruction was modified, and the record fails to disclose that any instruction was modified by the court. Appellant also complains of the refusal of the court to grant his instructions on manslaughter.

We find in the record two instructions correctly announcing the law of manslaughter, which are marked "Given," and to which the trial judge appended a note that they were not read to the jury because of modification as indicated. The criticism directed at these two instructions cannot prevail, for the reason that the record fails to show what, if any, modification therein was made by the court, and for the additional reason that the instructions as they appear in the record correctly announce the law of manslaughter, and since the court granted two instructions correctly announcing the law of manslaughter, which the appellant refused to read to the jury, he cannot now complain that the jury was not instructed upon this question.

Instructions numbered 4, 7, and 18, which were refused by the court, sought to submit to the jury the theory that a husband, who instantly kills his wife, or her paramour, on discovering them in the act of adultery, is guilty only of manslaughter. There was no evidence whatever to support these instructions, and they were properly refused.

We do not think there is any merit in any of the other assignments of error. The law applicable to the theory of the defense was fully and accurately given to the jury in the twenty-four instructions granted the defendant. We find no reversible error in the admission or exclusion of evidence, or in the granting or refusal of instructions, and therefore the judgment of the court below will be affirmed.

*Affirmed.*