EDWARDS *v.* CASH *et al.*

(Division A. Feb. 10, 1930. Suggestion of Error Overruled, Feb. 21, 1930.)

[126 So. 33. No. 28362.]

508

**J. F. Dean,** of Senatobia, for appellant.

**Herbert Holmes,** of Senatobia, and **Herbert Fant,** of Sardis, for appellees.

Argued orally by **J. F. Dean**, for appellant, and by **Herbert M. Holmes** and **Herbert Fant**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellant, Rosie Edwards, presented for probate, in solemn form, a paper purporting to be the will of Charlie Johnson, deceased, and made the administrator of the decedent's estate and Annie Johnson, his wife and the only heir, parties to the proceeding, the latter being

appellees here. Answer was filed, denying that the paper was the last will and testament of the deceased; that it was executed as the statute requires, or that it was attested by credible witnesses—in short, alleged that the paper was a forgery. The issue, being made up as above indicated, was submitted by the court to the jury, who returned a verdict for the contestants appellees here; and from the judgment entered on said verdict an appeal is prosecuted here.

The will presented is as follows:

"In the Year of Our Lord.

December 17, 1919.

"I, Charlie Johnson in the county of Panola in State of Mississippi. Being of sound mind and memory, and understanding do make my last will and testament in manner and form following first I give devise an bequeath to my wife Annie and my Neath Rossie Edwards all of my possession or estate to be divided equal.

Charlie X Johnson.

"witness Lonza Lee Edwards

"Mahala Tankson"

The evidence shows that Charlie Johnson, a negro, died in January, 1929, and left a considerable estate. The proponent, Rosie Edwards, was Johnson's niece, and had been reared by him. Johnson executed the will mentioned on the day of his marriage to the contestant, Annie Johnson, and at that time Rosie Edwards was also married.

The names of the persons who signed themselves as attesting witnesses are Lonza Lee Edwards, a stepson of the proponent, and Mahala Tankson. Mahala Tankson was served with process to attend the court as a witness a few days before the convening of court, but did not appear, and no delay of the trial of the cause was asked on that account.

Ben Edwards, a brother of Lonza Lee Edwards, testified that he was present when Charlie Johnson executed

the will, and saw the witnesses named sign it, but that he did not sign as a witness, because he could not write his name.

Lonza Lee Edwards was called as a witness in July, 1929, and stated on the trial of the case at that time that he was twenty-one years of age, but that when the will was executed he was only twelve years old. When objection was raised by counsel for contestant as to this witness' credibility or competency as an attesting witness to the execution of the will, the court reserved a ruling, but, at the conclusion of all the evidence, it offered to counsel on both sides to pass on all reservations made during the trial, and did pass upon several. Upon asking counsel if they had any further objections upon which it should pass, no response was made.

Counsel for appellant, proponent in the court below, secured an instruction in the language of the statute as to execution of wills, with the following further statement: "The court further instructs the jury that the word credible means competent and the question of competency relates to the time of the attestation and that the jury are the sole judges of whether or not the evidence preponderates in establishing whether the witness to the will was competent or credible on December 17, 1919, when said will is alleged to have been executed."

Counsel for appellees, the contestants in the court below, procured from the court similar instructions.

We do not think it is necessary to consider the other assignments of error, as no new propositions of law are presented, and they are without merit. The assignment which we shall consider is "the court erred in submitting to the jury the question of the competency of a witness when that is the sole province of the judge. That the court cannot delegate its power to determine this question has been settled so long and so often that it is almost useless to submit authorities on that point." Let it be remembered that the witness when presented to testi-

fy in the case was twenty-one years of age, and no question of his competency as a witness to deliver evidence in a trial was raised. The precise question as we understand the record, is that, at the time of the execution of the will, one of the attesting witnesses was a child under fourteen years of age—about twelve years old at the time of attesting; that the presumption was that he was incompetent to testify as a witness or attest a will. This presents a very interesting and serious question, as the appellant did not offer evidence in support of the witness' competency save his own statement as a witness on the witness stand nine years after he had attested the will as a witness, and when he was under fourteen years of age. No evidence was offered by others who knew him at that age as to his ability, at that time, to apprehend facts, remember them, truthfully state them, and his appreciation of the solemnity of his oath as a witness at that tender age.

Counsel for appellant, the proponent here, was offered an opportunity by the court below to have this precise question which is raised here presented there. For reasons best known to themselves, counsel on both sides did not avail themselves of the opportunity to have the court pass upon this question, and, consequently, counsel for appellant cannot complain here because he secured instructions submitting the competency of the attesting witness as such to the jury—in other words, if error was committed, and we do not intimate any decision on that question, counsel for the appellant, by the requested instruction, induced the court to submit the question to the jury, thereby waiving any right to complain here on appeal; nor can complaint be made because the court granted similar instructions to the contestant. The case was tried by the jury, as counsel requested and desired it, and, having lost his case, he cannot now complain here of

an alleged error which was induced and procured at the hands of the court by his own request.

Counsel cites the case of Peters v. State, 106 Miss. 333, 63 So. 666, in which this court held, on this question, that there must be a capacity to understand questions put, and to form and express intelligent answers, and there must also be a sense of moral responsibility, a consciousness of the duty to speak the truth, and, further, that the question of the capacity of a witness to testify is primarily a question for the judge, and his decision will not be reversed on appeal, unless it is clearly erroneous. In this case, it was the question of the competency of a witness six years of age offered as a witness; and this, and the other cases cited by counsel, unquestionably present the law, but the question here presented is entirely different, and counsel seem to appreciate that fact by requesting that this question be submitted to the jury for their determination.

In the case of Liverpool Insurance Company v. Van Os, 63 Miss. 431, 56 Am. Rep. 810, which was cited in the case of Wilson v. Zook, 69 Miss. 700, 13 So. 351, Judge COOPER, speaking for the court, held that, where both the plaintiff and defendant in a case, in instructions granted by the court, invoke substantially the same rule of law for the guidance of the jury in determining their verdict, the fact that the rule so invoked is erroneous does not, in favor of either party, constitute a good ground for reversal of the judgment rendered. See, also, Clisby v. Mobile & O. R. Co., 78 Miss. 948, 29 So. 913; Yazoo & M. V. R. Co. v. Schraag, 84 Miss. 155, 36 So. 193; Illinois Cent. R. Co. v. Jones (Miss.), 16 So. 300, 301; Queen City Mfg. Co. v. Blalack (Miss.), 18 So. 800; Yazoo & M. V. R. Co. v. Williams, 87 Miss. 344, 39 So. 489. Both the appellant and appellee, in the court below, requested the court to submit the competency of Lonza Lee Edwards as an attesting witness to the will to the jury, and the court granted their request; consequently they cannot

complain of it here. But counsel states in his brief that this quoted part of the charge was a modification by the court. It is not shown by the record to be a modification. If a party ask for an instruction, and the same be modified by the court, the rule is that, if such is used by the party requesting the instruction, he may not complain of the error in the modification thereof; and appellant therefore waived objection to the modification by accepting and using the same, and, further, the record must show the modification. See Y. & M. V. R. Co. v. Byrd, 89 Miss. 308, 42 So. 286; Williams v. State, 95 Miss. 671, 49 So. 513; Hardaway v. State, 128 Miss. 722, 91 So. 418.

We find no reversible error in this record. Affirmed.