## Yazoo & M. V. R. Co. *v.* Wade.

(Division B.  Feb. 8, 1932.)

[139 So. 403.  No. 29649.]

May, Sanders, McLaurin & Byrd, of Jackson, and Burch, Minor & McKay, of Memphis, Tenn., for appellant.

G. Q. Whitfield, of Jackson, for appellee.

Holmes & Potter, of Jackson, for appellee.

Hamilton & Todd, of Jackson, for appellee.

Argued orally by **A. J. McLaurin,** for appellant, and by **Geo. S. Hamilton,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant, railroad company, appeals from a substantial judgment in favor of the appellee, Mrs. Wade, on her suit for damages for personal injuries which she alleged she received as a result of a violent or unusual jerk in the starting of the train which she had boarded at Raymond, Mississippi, as a passenger to Jackson, Mississippi.

It is unnecessary to detail the facts. It is sufficient to say that the plaintiff's testimony tended to show that she boarded the train at Raymond, and before she had occupied a seat the train started with a violent and unusual jerk, whereby she was thrown against a seat and injured to the extent that she suffered a miscarriage.

The railroad company offered evidence tending to show: First, that Mrs. Wade was not a passenger on the train and received no injury on that day at Raymond, Mississippi. Second, that the train leaving Raymond for Jackson, Mississippi would start on a downgrade, and therefore would never, and did not on that day, have any unusual jerk.

In this state of the case the court, in its instructions for the plaintiff, announced the following rule of law: "The court instructs the jury for the plaintiff that a railroad company owes to its passengers the highest degree of care for their safety and well-being, *that they owe a duty of allowing their passengers reasonable sufficient time to be seated upon entering the train before starting the train,* and if you should believe from a preponderance of the evidence in this case that Mrs. Wade became a passenger of the defendant at Raymond, Mississippi, and entered a car of the defendant and before she had a reasonably sufficient time to reach the seat she intended to occupy the train started off with a jerk sufficient to throw her off of her balance and which did throw her off of her balance that this is negligence on the part of the railroad company, and the defendant is liable to the plaintiff for all damages resulting therefrom, and

it would be your duty to so find and return a verdict for the plaintiff.'' (Italics ours.)

In the instructions granted by the court to the defendant the jury was told in two instructions that passengers on trains assumed the risk of injury from the ordinary jerks and jolts incident to the movement of the train, and the jury was further instructed that the train must have started with a sudden and unusual jerk, one not ordinarily incident to the starting of the train, for the railroad company to be liable for damages.

The appellant also secured in its instructions the announcement of the same principle of law with reference to a passenger having a reasonable time to reach a seat in the coach on boarding a train.

The court refused the appellant this instruction: ''The defendant was under no duty to wait until the plaintiff reached her seat before starting the train. It had a right to start the train as soon as Mrs. Wade had entered the coach which she boarded and in which she rode to Jackson.''

First. It is contended by appellant that the quoted instruction given for the plaintiff is erroneous because the language ''started off with a jerk sufficient to throw her off her balance'' constituted negligence; that the test is not whether the jerk was one sufficient to throw Mrs. Wade off her balance, but whether the jerk was an extraordinarily or an unusual jerk not incident to all railroad travel. As to this we have shown in the statement of facts that in the defendant's instruction the jury was fully advised that the jerk must be extraordinary and unusual, and that neglect could not be predicated upon the ordinary normal jerks or jolts incident to railroad travel. Taking all the instructions together, there could be no reversible error in this respect.

Second. It is insisted that the carrier is under no duty after the passenger has fairly entered the coach

to hold the train until the passenger has had time to reach a seat, unless there is some special reason for so doing, such as where the passenger is aged, weak, or infirm, of which special infirmity the carrier has notice.

Appellant insists that it was denied this application of the law by refusal of the instruction set forth, supra, and further that the opposite rule was submitted to the jury on behalf of the plaintiff. The real situation presented by this record is that both plaintiff and defendant secured instructions announcing the same rule of law now here contended to be erroneous, and also that the court refused the appellant an instruction inconsistent therewith. In this state of the case, shall we now say that the court was in error? The plaintiff secured what is alleged to be an erroneous construction of the law. The defendant adopted the same theory of the law and then asked for the contrary view, which was refused by the court.

In the case of Hitt v. Terry, 92 Miss. 671, 46 So. 829, 838, Chief Justice WHITFIELD as the organ of the court said: "The fifth instruction for the contestants is criticised because it tells the jury that they may take into consideration the unnaturalness of the will; but the proponent himself secured an instruction using exactly the same words. . . . Another instance of both sides asking the same principles of law, and in identically the same language; and yet counsel for the proponent complain of the contestants for asking the court to charge the jury in the very same language in which they asked the court to charge the jury, and about the very same thing, or a similar thing." The court proceeded to hold that the proponent could not complain of an instruction for contestant where an instruction was given at his request in practically the same language. The same rule was approved in the cases of Liverpool Ins. Co. v. Van Os, 63 Miss. 431, 56 Am. Rep. 810; and reannounced in the case of Wilson v. Zook, 69 Miss. 694, 13 So. 351;

Clisby v. M. & O. R. R. Co., 78 Miss. 937, 29 So. 913; Yazoo & M. V. R. R. Co. v. Schraag, 84 Miss. 125, 36 So. 193; Illinois C. R. R. Co. v. Jones (Miss.), 16 So. 300; Queen City Manf. Co. v. Blalack (Miss.), 18 So. 800, 31 L. R. A. 222; Yazoo & M. V. R. R. Co. v. Williams, 87 Miss. 344, 39 So. 489; Illinois C. R. R. Co. v. Handy, 108 Miss. 421, 66 So. 783, 784; Edwards v. Cash, 156 Miss. 507, 126 So. 33.

In the Handy case, supra, we quote from Chief Justice Smith as follows: "So that while it may be that the theory upon which the case was tried—that is whether or not Handy was guilty of contributory negligence—was a question of fact for the jury was erroneous, nevertheless that also was the theory upon which the defendant sought to have it tried by the instructions which it requested. This being true, the error in the instruction now under consideration, conceding that error in fact there is, was invited, or at least was participated in, by the defendant, and therefore it cannot complain because of the commission thereof. Consensus tollit errem. [Citing authorities.] The fact that these instructions requested by the defendant were not granted is immaterial, for the reason that they invoked the rule acted upon in the granting of the instruction complained of, and were calculated to, and probably did, mislead the judge in determining upon what theory the cause should be tried."

In the Edwards case, supra, this court held that where a proponent of a paper purporting to be a will secured instructions submitting competency of attesting witness as such to the jury, she was without right to complain on appeal because of failure of court to pass on question of competency, in that error, if any, in submitting question to jury, was waived by the securing of instructions inducing court to submit question.

Appellant here contends that where a party to a litigated case sets forth his theory of the law in any par-

ticular in a requested instruction, and that requested instruction is refused, his right to assert error is not waived by then procuring other instructions based on the theory of the opposite party adopted by the court in that particular manner. The rule that one may not invite the court to commit an error and then avail himself of such error is recognized, but that, in effect, in order to try its case, the appellant has a right to insist upon the correct principle of law refused to him, notwithstanding he adopted the theory of his adversary in submitting the case to the jury.

The cases cited above do not show whether or not the complaining party has been refused an instruction announcing what was conceived to be the correct principle of law, but in principle there could be no difference for the reason of the rule is that a party will not be allowed to take an inconsistent position in a trial of the case.

Let it be remembered that in this state the trial court cannot, of its own motion, grant any instruction. See section 586, Code of 1930. The only instructions granted by the court are those which are presented by the parties to the litigation. Nor on appeal will a party be permitted to complain of an error in the modification of an instruction by the court. If he accepts and reads to the jury the modified instruction, he is bound by that action. If he desires to put the court in error, he must stand upon the refused instruction as refused. See Edwards v. Cash, supra, and authorities there cited. A party is bound by the theory of his own instruction. He cannot complain, after obtaining them, that the court refused to give others inconsistent therewith. See 14 R. C. L., section 75, p. 815.

"An appellant or plaintiff in error will not be heard to allege error in instructions which were given at his request by the trial court; and it is immaterial that he asked for other instructions stating a different rule,

which were refused and the rulings excepted to." 4 C. J., pp. 707, 708.

"A party is bound by the position he assumes on the trial in reference to any particular matter and will not be heard to complain of the action of the court in taking the same position. Hence the rule is universally accepted that a party cannot complain of an instruction given at his own request, or of error in an instruction given at the instance of his adversary, when others given at his request contain the same vice, or when he requests a substantially similar one. Also, as a party is bound by the theory of his own instructions, he cannot complain, after obtaining them, that the court refused to give others inconsistent therewith." 14 R. C. L., p. 815, section 73, and authorities there cited in notes thereto. Also see 38 Cyc., p. 1711.

This rule appears to be generally adopted by the courts of this country, especially see Green v. Wright, 36 Mo. App. 298.

In the case of Philip Levy v. Davis, 115 Va. 814, 80 S. E. 791, 793, the court there said: "Yet, even if the instruction were erroneous, the plaintiffs would be estopped to question it. A party who invites error will not be heard to complain of having misled the court. [Citing authorities.] Nor is this principle affected by the circumstance that the plaintiffs had asked for other instructions propounding a different doctrine which were refused and the ruling excepted to. They should have stood by their exception."

Appellant cites only one case in conflict with the rule which we have announced. North Chicago Electric Ry. Co. v. Peuser, 190 Ill. 67, 60 N. E. 78, which holds squarely that in that state the plaintiff and defendant having secured the same erroneous principle of law, and the defendant having asked for the correct principle of law, which was refused by the court, it would not be inconsistent for the defendant to complain of the refusal of

the instruction announcing the correct principle of law, and such party is not estopped thereby. In that case, however, the court pointed out that in Illinois a trial judge is at liberty to modify an instruction to conform to the correct view of law held by the court, and that the party who presented the instruction may except to the modification, read the instruction, as modified, to the jury, and assign the action of the court in so modifying the instruction as error on appeal, and the court treats the inconsistent requested refused instruction as being on a parity with a modified instruction.

We have pointed out that in this state the rule is different. On the record as to instructions in this state an appellate court cannot say which of the parties procured the instruction first, whether the plaintiff or defendant influenced the court to the view of the law complained of. Nor can this court say that the railroad company here presented first its refused instruction, then adopted the plaintiff's view of the law in the given instruction. There is nothing to show the order of time in which the given and refused instructions were presented to and passed on by the lower court.

We are not called upon to announce the correct rule of law to be adopted by this state relative to the duty of a common carrier to a passenger boarding a train and being injured before he has had time to find a seat and be seated. But, conceding for the sake of argument that appellant is correct in its view of the law, we have concluded that by securing a contrary announcement he has waived the point, is bound thereby, and is estopped to present it here on appeal.

Affirmed.