LEE, Justice, specially
concurring:
I specially concur with the majority opinion and make additional comments on the case. The accident occurred at a little-used private crossing which provided access to the Stegall land upon which Mr. Bums and his sons were about to enter. The land was not posted and, in my opinion, the Burns were licensees, not trespassers. The duty owed to a licensee and trespasser is the same, i. e., not to willfully or wantonly injure him. However, this rule is not so strict and is modified when applied to persons passing over private crossings. In that event, the train engineer must use reasonable diligence to detect a vehicle upon the *641 tracks and when such is detected, he must use reasonable care to stop and avoid an accident. Alabama Great Southern R. R. Go. v. Martin, 205 Miss. 851, 868, 39 So.2d 501 (1949).
At private crossings which people habitually traverse, a railroad company’s duty to give signals and maintain the crossing is relative to circumstances existing at the particular time. Thus, peculiar or extraordinary circumstances might differentiate such crossing from other private crossings, accordingly impacting on the railroad company’s duty. Yazoo & M. V. R. Co. v. Wade, 162 Miss. 699, 139 So. 403 (1932).
In Illinois Central R. R. Co. v. Dillon, 111 Miss. 520, 71 So. 809 (1916), discussing the duty owed by the railroad company to persons using a private crossing, the Court said:
“In considering what duty was owed by the appellant to the deceased in this case it is necessary to view the facts and circumstances relating to the use of this crossing or footpath by pedestrians over the track. The testimony in the record shows that, while Foote street was closed so far as vehicles were concerned, pedestrians continued to use the same just as they had used it before it was vacated or closed. That every morning between the hours of six and seven o’clock employees of certain mills situated on the east side of the track crossed this railroad track at this particular place. This fact certainly must have been well known to the defendant railroad company, and by all the laws of justice and humanity they are charged with this knowledge. There was no protest of any kind by the defendant company of this use of the old street by pedestrians. In fact the record shows that a plank had been placed over a ditch on one side of this crossing and had been fastened down to hold the same for the convenience of pedestrians using the same. This being true, we regard this as a very different case from the Arnola case in 29 So. 768, 78 Miss. 787, 84 Am.St. Rep. 645, relied upon by counsel for ap-pellee. In fact, the deceased in this case was more than a bare licensee; he was an invited licensee, sometimes called an invitee or a favored licensee, and the railroad company owed him the same duty that it owes to one on its tracks at a public or other crossing; namely, the duty not to negligently kill or injure. The question of contributory negligence of the deceased was properly submitted to the jury.” Ill Miss, at 523-524, 71 So. at 811.
A private crossing open to and used by the public for a number of years imposes a duty upon the train crew and railroad company similar to that of a public crossing. In Illinois Central Railroad Co. v. McDaniel, 246 Miss. 600, 151 So.2d 805 (1963), cited in the dissent of Justice Hawkins, the private crossing had been open and used by the public for many years and, therefore, assumed the character of a public crossing. The Court said:
“It is argued, however, that the driveway involved in this action served only the church; that the public officials of the county did not maintain the driveway as a public road, and for the reasons thus stated the defendant Railroad Company and its engineer were under no duty to sound the statutory signals required by Section 7777, Miss. Code of 1942, Rec., as the train approached the crossing. But, whether the crossing is to be regarded as a public crossing or not, it was a crossing open to the public and used by the public for a period of approximately thirty years, with the assent and acquiescence of the Railroad Company. These facts were known to the members of the train crew, and it was the duty of the Railroad Company and its employees to give reasonable and timely warning of the approach of the train for the benefit of travelers at the crossing. Columbus & G. Ry. Co. v. Duease, 142 Miss. 713, 108 So. 151.” 246 Miss, at 619-620, 151 So.2d at 813.
In the case sub judice the statutory signals were not in question and the only issue presented to the jury was whether Illinois Central Gulf was negligent in failing to *642 maintain and keep down the vegetation along its east right-of-way near the private crossing. Under the facts and law of this case, I agree with the majority opinion.
PATTERSON, C. J., and SUGG and BROOM, JJ., join this opinion.