**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2003-CT-00267-SCT**

*HWCC-TUNICA, INC. d/b/a HOLLYWOOD CASINO*

**v.**

*BRENDA JENKINS*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2002 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH WALKER SIMS |
| | ALFRED THOMAS TUCKER, JR. |
| ATTORNEY FOR APPELLEE: | GENE BARTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 06/09/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The question before us on writ of certiorari is whether the trial judge erred by orally instructing the jury as a means of clarifying the written instructions after both parties requested such oral instructions.  We reverse the Court of Appeals' finding of error in this matter.

**STATEMENT OF THE CASE**

¶2.     While at Hollywood Casino, the plaintiff, Brenda Jenkins, slipped and fell.   She sued the casino, and the jury returned a verdict in her favor for $100,000.  It took three attempts for the jury to return the verdict in the correct form.   Hollywood Casino raised nine issues on appeal.   The Court of Appeals held that the trial judge committed reversible error in resubmitting the special verdict to the jury with oral instructions instead of written instructions.  Jenkins then filed a petition for writ of certiorari which we granted.

## FACTS

¶3.     The pertinent facts as determined by the Court of Appeals are as follows:

> Brenda Jenkins, a gambling enthusiast, slipped and fell down two stairs at the Hollywood Casino on September 19, 1998.  Jenkins suffered a fractured ankle, and subsequently underwent surgery to repair and stabilize her ankle. Jenkins filed suit in Tunica County Circuit Court, alleging that Hollywood was negligent because the stairs were too narrow, that the carpet covering the stairs prevented her from negotiating the distance between the stairs and the floor, and that the stairs were poorly lit. The trial court submitted a special verdict form to the jury. Shortly after the jury convened, it returned with a verdict finding that both Hollywood and Jenkins were negligent, and assigning 100% fault to Jenkins. This verdict did not assign any damages to Jenkins.
>
> The court orally instructed the jury as to how the form should be completed, and the jury reconvened. A few minutes later the jury returned with another verdict. This second attempt found that Hollywood was negligent and that Jenkins was not negligent. The jury found Hollywood to be 100% at fault and found that Jenkins was not at fault; however, the jury did not assign any damages against Hollywood. Once again, the court re-instructed the jury as to how the special verdict form should be returned, and the jury reconvened.
>
> The final verdict found Hollywood negligent, and Jenkins not negligent. Hollywood was found to be 100% at fault, while Jenkins was found to be 0% at fault. The jury granted Jenkins $100,000 in damages against Hollywood.

*HWCC-Tunica, Inc. v. Jenkins*, 2004 WL 1925795 (¶¶ 1-3) (Miss. Ct. App. 2004).

## ANALYSIS

2

¶4. The sole issue presented in this writ of certiorari is whether it was error for the trial court to resubmit the special verdict to the jury with oral, and not written, instructions. The Court of Appeals correctly stated that jury instructions must be in writing according to Miss. R. Civ. P. 51(c) and U.R.C.C.C. 3.07 & 3.10. However, the Court of Appeals overlooked the well-established principle in Mississippi law that:

> An appellant cannot complain on appeal of alleged errors which he invited or induced. Caston v. State, 823 So.2d 473, 502 (Miss.2002) "[T]he appellant cannot complain because of error in its own instruction." State Highway Comm'n v. Randle, 180 Miss. 834, 179 So. 273 (1938); Yazoo & M.V.R. Co. v. Wade, 162 Miss. 699, 139 So. 403, 404 (1932).

*Busick v. St. John,* 856 So.2d 304, 314 (Miss. 2003).

¶5. After the jury returned its first ambiguous verdict that both parties were at fault but no apportionment and no damages, the following dialogue occurred:

> BY THE COURT: Let me just read the -- would y'all both submit – agree that the Court should just reread this and send the jury back?
>
> BY MR. BARTON [counsel for Jenkins]: Yes, Sir. I think the Court should.
>
> BY MR. TUCKER [counsel for Hollywood Casino]: Yes, Sir.

¶6. When the jury failed a second time to properly complete the special verdict form, counsel for Jenkins suggested sending it back to the jury for proper completion. Counsel for Hollywood Casino objected and insisted that additional instructions be given to the jury before the form was returned to them for completion. The following dialogue took place between the trial judge and counsel for both parties.

> BY MR. TUCKER [counsel for Hollywood Casino]: Your Honor, let's think about what we need to do so we get a proper form that the Court can approve.
>
> BY THE COURT: I think the jury is confused.

BY MR. TUCKER: Yeah, I do, too.  Yes, Sir.  If we can just take a minute and the three of us sit down and see if we can't agree about a form that you can present to the – do you find for the plaintiff, do you find for the defendant?

BY MR. BARTON [counsel for Jenkins]: I think it's already been submitted this way.  The only option is that they've got is to send it back and reread the instruction and be told they've got to fill in this blank.

BY MR. TUCKER: It's not – that would be unfair.  I mean, you're assuming that all this information is – I believe that the jury intends to grant a defense verdict.  I think that's what they're trying to do and they don't know how to do it.  I don't think they intend to give damages to Ms. Jenkins.

BY THE COURT: Well, I don't know what they're trying to do, but they haven't completed that form right either way.

BY MR. BARTON: I believe the proper thing to do is to reread the form and send them back.

BY MR. TUCKER: Do you do it on this form or do you do it on a separate form?

BY MR. BARTON: This form here.  The jury has been instructed in all the other instructions.

BY THE COURT: Why not try it again and try to explain it?

BY MR. TUCKER: Gene, I think if the Judge could say, that if you mean to return a verdict for the casino, you say no here.  If you mean to return a verdict for Ms. Jenkins, then say yes.

BY THE COURT: If you do it like this, you have to fill in the blank for damages.

BY MR. TUCKER: Yes, Sir.  Something like that , Gene?

BY MR. BARTON: Yeah, uh-huh (affirmative response.)

The trial judge did as Mr. Tucker, counsel for Hollywood Casino, suggested.  The jury was instructed by the judge:

4

Now, if you don't want – if you're wanting to rule for Hollywood, then you need to put a no in the first blank and then a yes in the second blank and then, you know, whatever. And then it would have been like your first verdict was if you didn't want to put damages which you didn't do twice. And if you want to rule for the plaintiff, then you'll have to assess the amount of damages in the last blank. Okay with that said, I'm going to hand it back to the bailiff and ask if you would return and look at it again.

Let me just stop right there before we get off the record. Is there anything that the plaintiff wants me to add – I mean, did I do that satisfactorily? I just read the --

BY MR. BARTON:     Yes, your Honor.

BY THE COURT:     Defendant, did I do that adequately?

BY MR. TUCKER:     Yes, sir.

BY THE COURT:     Okay.

The trial judge instructed the jury per Hollywood's recommendation. After the oral instruction was given, both parties affirmed that the instructions were adequate. No objections to the oral instructions were made by either party.

¶7.    An issue is deemed waived for appeal unless a contemporaneous objection was made at trial. Thus, in order to reverse, we would be required to find that the judge's actions rise to the level of plain error. "However, 'in order to reverse under the plain error doctrine, the reviewing court must find both error and harm.'" *Entergy Miss., Inc. v. Bolden,* 854 So.2d 1051, 1059 (Miss. 2003) (citation omitted). Additionally, issues of plain error will only be addressed if the fundamental rights of a party have been violated. *Johnson v. Gray,* 859 So.2d 1006, 1015 (Miss. 2003) (citing *Pub. Employees' Ret. Sys. v. Dishmon*, 797 So.2d 888, 897 (Miss. 2001)). Even if the judge erroneously instructed the jury, we cannot hold that there was harm since both parties admitted that the instructions were adequate, neither party objected to

the nature or form of the instructions, the oral instructions followed the written instructions and were not incorrect statements of the law. The Court of Appeals erred in reversing the trial court's judgment.

## CONCLUSION

¶8.     For the foregoing reasons, we reverse the Court of Appeals' judgment and reinstate  and affirm the trial court's judgment.

¶9.     **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND RANDOLPH, JJ., CONCUR.  EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**