HERRIN, LAMBERT & CO. v. JOHN PATRICK DALY.

1. MASTER AND SERVANT. *Personal injuries.* *Evidence.* *Indemnity Casualty insurance.*

> In the trial of a suit by a servant against his master for personal injuries received in the defendant's service, it is error to admit, over objection, evidence to show that the master is indemnified from loss, in case of a recovery against him, by a policy in a casualty insurance company.

2. PRACTICE. *Objections.* *Waiver.* *Appeal.*

> If a principle be decided in the trial court against a party, after proper objection, and exception be duly taken by him, he will not lose the benefit thereof on appeal, or waive his exception, by failing to repeat his objection upon the recurrence of the same question in the progress of the case.

FROM the circuit court of Pearl River county.

HON. THADDEUS A. WOOD, Judge.

Daly, the appellee, was plaintiff in the court below; Herrin, Lambert & Co., a copartnership, appellees, were defendants there. From a judgment for $1,500 in plaintiff's favor defendants appealed to the supreme court.

The opinion of the court sufficiently states the facts upon which the case was resolved.

*Bowers, Chaffe & McDonald,* for appellant.

The action of the trial judge in hearing evidence touching the indemnity policy is an error which on its face and without reference to anything else should reverse the case. It was clearly irrelevant and incompetent. It shed no light on the issue. Can any one conceive how proof that defendants had, or had not, protected themselves with an accident policy enlightened an inquiry as to whether they were negligent in the construction of their mill, or in failing to provide a sufficient number of hands?

If your honors decide that to avail oneself of an objection to incompetent testimony that objection must be repeated to every question, and to every phase and detail of the inquiry, *nisi prius* trials will be fraught with interminable disorder, records encumbered and time absorbed with numberless and useless repetitions.

*Shannon & Street* and *Woods, Fewell & Fewell,* for appellee.

The only question in the case which is thought to be debatable is this, was the action of the court in admitting evidence showing that a surety company had bound itself to pay any damages which were shown to have been sustained in this, or any other personal injury case, in an amount not exceeding fifteen hundred dollars?

Our contention is that if the evidence was first incompetent, that objection cannot now be availed of by reason of the fact that the written contract was produced and put in evidence at the instance of defendant's counsel, and was not objected to, and all objection to the introduction of the evidence was thereby waived. But if there had been error it was not reversible error. It was harmless error because all issues of fact were found by the jury in favor of plaintiff and against defendant, and a verdict for some amount had necessarily to follow the findings of the jury on the facts. This pitiful verdict for $1,500 was far less than the poor lad, Daly, should have had. Daly might justly have been heard to complain of the inadequacy of the sum awarded him, but the defendants have only grounds for self-gratulation on getting off so easily. The verdict was a preposterous one, and is explicable only on the theory that legs are more abundant in Pearl River county than dollars.

Calhoon, J., delivered the opinion of the court.

The declaration is for damages for a serious hurt to appellee, an employe at a sawmill owned by appellants, who were not a

corporation, but a private partnership. Of course the fellow-servant rule applies in full force, and recovery could be had only if the injury was caused by the negligence of the master, or his negligence co-operating with that of a fellow servant. On the cross-examination by appellee's counsel of Lambert, one of the defendants below, as a witness, he was asked if there was any one back of his firm who would satisfy the judgment if obtained. The court overruled an objection to this, and we think this action error. It could not conceivably throw any light on the issue, and could have no other tendency than to seduce a verdict on the ground that an insurance company, and not the defendants, would be affected. The error was not cured, because, the objection having been put on the basis of irrelevancy and incompetency, and also for the further reason that the accident indemnity policy was in writing not produced, the writing was then read in evidence by plaintiff without renewed objection. The principle was decided against defendants, and exception taken, and they were not required by law to repeat their objection. The conflict of testimony as to liability for this unfortunate injury makes too close a case to admit of affirmance regardless of this error. In order to exclude a conclusion, it is proper to say that we do not pass on the instructions to the jury, given and refused.

*Reversed and remanded.*