ROBERTSHAW TRUSTEES *et al. v.* COLUMBUS & G. RY. CO.

(Division A. May 1, 1939. Suggestion of Error Overruled May 29, 1939.)

[188 So. 308. No. 33691.]

**Everett & Everett** and **J. M. Forman,** all of Indianola, for appellants.

**R. C. Stovall,** of Okolona, for appellee.

Moody & Davis and **S. D. Neill,** all of Indianola, for appellee.

Argued orally by **F. E. Everett**, for appellants, and by **S. D. Neill**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Two large seed houses, with their contents, the property of appellants, located adjacent to the railroad near a

small station, were destroyed by fire, alleged by the declaration to have been caused by sparks from a locomotive of the railway company. This is the sole ground of liability charged. The verdict of the jury was for the defendant railway company.

There was enough evidence to have supported a verdict for appellants. On the other hand, there was sufficient competent testimony before the jury upon which they could reasonably conclude that, as a probability, (1) no incendiary sparks were emitted from the locomotive of appellee at the time; or (2) if there were, they were carried by the wind, then blowing, in an opposite direction and away from the place where the fire was discovered to have begun; or (3) that the location of the fire inside the boxcar when first seen was such as to make it improbable that a spark from the locomotive set it out. Having so concluded, it was not required of the jury that they go further and inquire as to other possible or probable sources of the conflagration.

There is no reversible error in any of the rulings of the court, nor in the instructions, and except for the matter now to be mentioned, we would have affirmed without any written opinion.

The railway company offered among the witnesses in its behalf a well-known fire insurance agent. When this witness was called, appellants, apprehending that the chief purpose was to get before the jury the fact that the destroyed property was largely covered by insurance, suggested to the court, in a general way, that a preliminary examination be had of this witness out of the hearing of the jury. This was declined by the court on the ground that there was nothing then before the court which would disclose the necessity or propriety of such a preliminary examination. The attorneys for the railway company were permitted to proceed with the examination of the witness and it was soon indicated by the responses of the witness that there was such insurance, whereupon the court retired the jury, and the remainder

of the examination of the witness was heard in the absence of the jury, at the conclusion of which the court sustained the objection to the testimony of that witness and excluded all of it.

We have examined that testimony with care in the endeavor to discover on what ground or grounds any part of it could have been relevant or material. We fail to perceive any such grounds; and while we must assume that this witness was introduced for some other purpose than to get to the jury the fact that the destroyed property was insured or partly insured, we must look to the effect of what was done rather than to the purpose with which it was done. Ever since the case of Herrin v. Daly, 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605, we have endeavored here to admonish counsel that the injection of the matter of insurance into jury trials is, as a general rule, illegitimate. The case before us is not an easy one on the issue of liability, so that it follows that a serious question for reversal might be presented had appellants reserved the point in the trial court in such manner as to make it reviewable here; but this the appellants did not do.

In order to put the trial court in error, it must be shown not only that there was error but that the error or errors were committed by the court after a fair and definitely presented opportunity was given to avoid or correct them. The court ruled promptly upon and against the improper evidence as soon as it appeared as such, and the court took every subsequent step, which it was requested to take, to root out the objectionable matter; and the only thing else that the court could have done to eradicate it wholly was to grant a mistrial, and this the court was not asked to do. Mars v. Hendon, 178 Miss. 157, 172, 171 So. 880, 173 So. 286; Brush v. Laurendine, 168 Miss. 7, 12, 150 So. 818; Holmes v. State, 151 Miss. 702, 711, 118 So. 431. We express no definite opinion on the question whether a mistrial should have been granted had it been requested, as that is not before us for decision,—

it being necessary to add only that the case as presented is not one of such extreme harm or gross wrong or error of such a fundamental nature as that the court was obliged to tender a mistrial of the court's own motion, conceding for the time being that there may be such a case.

Affirmed.