M. & A. MOTOR FREIGHT LINES, INC., *v.* VILLERE.

(In Banc. April 28, 1941.)

[1 So. (2d) 788. No. 34486.]

850

**Ford & Ford,** of Pascagoula, for appellant.

Mrs. E. H. Conner and Gex & Gex, all of Bay St. Louis, for appellee.

Argued orally by **E. J. Floyd**, for appellant, and by **W. J. Gex, Jr.**, and **Mrs. E. H. Conner**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff brought suit for personal injuries sustained when a collision occurred between an automobile which he was driving and a motor freight truck operated by the defendant. Defendant filed a plea to the jurisdiction of the court, to a discussion of which the following facts are relevant. The defendant is a Georgia corporation operating freight motor trucks along Highway 90 through the coastal counties of this state, including Hancock County, of which plaintiff is a resident, and into the State of Louisiana. The collision occurred in the latter

state about thirteen miles east of the City of New Orleans. Summons was executed in Hancock County upon one John Kyte, a driver of one of the defendant's trucks. Defendant maintains an agency and warehouse at Gulfport on said route, solicits freight shipments and employs a small truck to facilitate handling of shipments from and delivery to such trucks which handle only interstate shipments. Under these facts, the suit was properly brought and maintained in Hancock County. Code 1930, sec. 496; Clark v. Louisville & N. R. Co., 158 Miss. 287, 130 So. 302; see, also, Vicksburg S. & P. R. Co. v. Forcheimer, 113 Miss. 531, 74 So. 418.

Defendant urges that since it is engaged wholly in interstate commerce, the maintenance of such action elsewhere than in Louisiana would create an undue burden on such commerce in violation of Article 1, Section 8, paragraph 3 of the U. S. Constitution. Such burden is sought to be related to the inconvenience caused to defendant by requiring the attendance of witnesses from great distances and at great expense. Among the authorities cited to sustain defendant's position are: Denver & Rio Grande W. R. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 76 L. Ed. 295; Michigan Central R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470; Maxfield v. Canadian Pac. R. Co., 8 Cir., 70 F. (2d) 982; Davis, Director General v. Farmers' Co-op. Eq. Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996.

In these and other cases so cited, jurisdiction was denied either because the defendant had no transportation lines operating in the state where suit was brought or because the plaintiff was not a resident thereof. In Denver & Rio Grande W. R. Co. v. Terte, supra, a controlling distinction was brought to light by the fact that two interstate carriers were sued jointly. It was held that, while interstate commerce was unduly burdened in respect of the suit as against the carrier which operated no line in the state where plaintiff resided and where

suit was brought, no such burden existed as against the other carrier which operated lines in such state.

It may well be doubted whether the inconvenience to defendant would have been less had the suit been brought in Louisiana (and as to this, the evidence developed a less degree than the allegations forecasted), yet this consideration would be relevant only if the issue of relative inconvenience were open. We cannot recognize as here applicable any substantive rule of law which would create, from the circumstance that defendant's witnesses resided in a state or states other than that of plaintiff's residence, a conclusive presumption of an undue burden on interstate commerce. It was not error to overrule the plea of jurisdiction. Clark v. Louisville & N. R. Co., supra, citing and distinguishing cases above referred to; Vicksburg S. & P. R. Co. v. Forcheimer, supra.

Although three members of the Court are of the opinion that the peremptory instruction requested by the defendant ought to have been granted, we shall not discuss the evidence, especially since the case must be reversed for the error hereinafter discussed. For the same reason, we shall not review any of the instructions except two given for the plaintiff. The first is as follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that the plaintiff is entitled to recover herein, then in assessing damages you may take into consideration the pain and suffering of the plaintiff, his mental anguish, if any, the bodily injuries sustained by him, his pecuniary loss, if any, his loss of power and capacity for work, if any, and its effect upon his future, if any." In view of the necessity for a reversal of the case, it is not inappropriate to point out, that the serious defects in this instruction include the failure to relate any pain and suffering causally to physical injury, which in turn must be causally and proximately related to the negligence which is the basis of liability, and to require that all findings both as to liability and as to injuries be based upon a preponderance of the evidence.

Such instruction, even when so reformed, is not proper unless other instructions predicate liability upon such acts of negligence as have been set forth in the declaration and developed by the evidence. McDonough Motor Express v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655; Graham v. Brummett, 182 Miss. 580, 181 So. 721. The other instruction is as follows:. ''The court charges the jury, for the defendant, that in passing on the credit to be given any witness's testimony, the jury should take into account the witness's interest in the cause, if any, his demeanor on the stand, his opportunity to see and know the matters testified about and any other facts or circumstances shown by the evidence, and affecting his credibility, and if the jury believe that any witness has wilfully and corruptly sworn falsely to any material fact in the case, the jury may disregard such witness's testimony.'' The granting of a substantially similar instruction at the request of the defendant precludes its assignment of any error in respect thereto. Yazoo & M. V. R. Co. v. Wade, 162 Miss. 699, 139 So. 403; Hitt v. Terry, 92 Miss. 671, 46 So. 829. However, neither instruction ought to have been given. A belated but complete recognition of the impropriety not only, but also the error, of the doctrine of falsus in uno as the basis for controlling the reasoning processes of the jury has been made in Metropolitan Life Ins. Co. v. Wright, 190 Miss. 53, 199 So. 289. See, also, Miss. Law Journal, Vol. XII, No. 3, at page 282, sqq., where the writer of this opinion hopefully presaged its judicial repudiation. In passing, it may be observed that the instruction, in suggesting bases for their deductions and in failing to require that all inferences be deduced from the evidence, was erroneous.

A serious question is presented by appellant's fifth assignment of error. There were certain photographs of the scene of collision which it was anticipated by both parties would be introduced in evidence. The authenticity of said photographs was attested by a written certificate of the photographer who was found not to be

available as a witness. Such certificate attested that it was executed "in the presence of Mr. Fernandez of the New Amsterdam Insurance Company." In a conference between respective counsel, the prejudicial effect of this language was stressed by defendant's counsel, and counsel for plaintiff consented that the photographs be introduced with the quoted language deleted. Pursuant to such agreement, the photographer's certificate was read into the record without the quotation. However, during the cross-examination of a photographer who caused the pictures to be taken, the plaintiff's counsel interrogated the witness as follows:

"Q. Did you get a call to take these pictures? A. Yes sir.

"Q. Who called you? A. I was called by the New Amsterdam Insurance Company."

A motion to exclude the statement and to grant a mistrial were thereupon made by defendant and overruled by the court, at which time the court stated to the jury that they "will pay no attention to the answer given by the witness and there will be no further comment on it." Nearly forty years ago the disclosure that the defendant's liability was insured against by an indemnity company was condemned. Herrin v. Daly, 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605. In Yazoo City v. Loggins, 145 Miss. 793, 110 So. 833, it was held that jurors may be asked upon voir dire examination whether they or any of them were interested in or represented any company writing indemnity insurance. The good faith of counsel, so found by the court, was seen by it as a controlling consideration. In the more recent case of Avery v. Collins, 171 Miss. 636, 157 So. 695, 158 So. 552, emphasis was appropriately placed upon the prejudicial effect of the disclosure rather than upon the motive for its adduction. A method of examining prospective jurors was there approved by which counsel may acquire such information without imparting it. The impartiality without which no trial is fair must not be infected through

exposure to influences which are at once irrelevant and prejudicial. Although assuming the prejudicial effect of any suggestion by comment or question implying the existence of liability insurance by a defendant, and conceding that in proper but rare cases such fact may become an inseparable incident of necessary and relevant proof, an unnecessary disclosure through witnesses has an aspect more serious than mere intimation. Whatley v. Boolas, 180 Miss. 372, 177 So. 1. Its prejudicial effect rises to the degree of reversible error here in view of the doubtful character of the evidence on the merits of the case and of the means and method by which it was adduced. This Court is free to acquit counsel of purposeful misconduct, yet where such a disclosure is provoked despite previous admonition, the Court may with propriety deny to same the mitigating efficacy of inadvertence.

Reversed and remanded.

**Anderson, J.**, delivered a dissenting opinion.

Appellant was engaged exclusively in interstate commerce in this state. It carried freight alone; it is a Georgia corporation. Its main route is from Atlanta, Georgia, through that state, Alabama, Mississippi, and to New Orleans, in Louisiana. It has an office at Gulfport, in Harrison County in this State, in charge of an agent, devoted alone to the handling of freight passing in interstate commerce. It does no intrastate business whatever in this state. In its operation in this state it uses the coast highway, known as No. 90. The only property it owns in this state is that connected with its agency at Gulfport. The injury sued for occurred in Louisiana. The action therefor was brought in Hancock County, in this state.

On the trial of the plea in abatement of the jurisdiction, it was shown that most of the material witnesses resided in other states than Mississippi. One ground

of the plea was that the exercise of jurisdiction in this state would unduly burden interstate commerce in violation of the Commerce Clause of the Federal Constitution. The trial of the cause developed that out of about twenty witnesses all of them except three resided in other states, most of them in Louisiana, but some in Georgia and Alabama. My opinion is that the plea ought to have been sustained, and I reach that conclusion upon the following considerations:

In applying the decisions of the federal supreme court bearing upon this question, it should be kept in mind that courts take judicial notice of the fact that all the railroads in the United States are engaged in both interstate and intrastate commerce; and, therefore, have on hand the necessary facilities for making defense to actions growing out of both classes of commerce, intrastate and interstate.

That jurisdiction ought not to have been sustained is supported by the principles laid down in the following authorities: Denver & Rio Grande Railroad Co. v. Ben Terte, Judge, etc., 284 U. S. 284, 52 S. Ct. 152, 76 L. Ed. 295; Michican Central Railroad Co. v. Mix, 277 U. S. 581, 48 S. Ct. 562, 72 L. Ed. 998; Maxfield v. Canadian Pac. Railroad Co., 8 Cir., 70 F. (2d) 982; Id., 293 U. S. 610, 55 S. Ct. 140, 79 L. Ed. 700; Davis, Director General of the Railroads v. Farmers' Co-operative Eq. Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996; Best & Co. v. Maxwell, Commissioner, etc., 311 U. S. 454, 61 S. Ct. 334, 85 L. Ed. —; American Law Institute Restatement Conflict of Laws, sec. 92, 141-2; sec. 89.2 of Vol. 1 of Beale's Conflict of Laws, pp. 377-8. Paragraph (b) of the authority next before the last is in this language:

"b. When foreign corporation engaged in interstate commerce. Although a State cannot under the Constitution of the United States forbid a foreign corporation to engage in interstate commerce within the State, a foreign corporation by doing business within the State, although the business is confined to interstate commerce,

subjects itself to the jurisdiction of the State as to causes of action arising out of the business done in the State.

"It is a violation of the Constitution of the United States to require a foreign corporation as a condition of engaging only in interstate commerce within the State to consent to the jurisdiction of the State as to causes of action not arising out of the business done within the State, or to subject the corporation without its consent to such jurisdiction if to do so would be so inconvenient to the defendant as to constitute a burden upon interstate commerce." The last citation is in this language:

"Corporations Engaged in Interstate Commerce.—A state statute providing for service of process upon an agent of a foreign corporation doing business in the state, so far as it applies to a corporation engaged in interstate commerce and to a cause of action not connected with the business carried on within the state, is unconstitutional as involving an interference with interstate commerce."

In the Denver & Rio Grande Railroad case, the Supreme Court held that a suit against an interstate railroad company in a state in which it had only offices and agents for the purpose of soliciting traffic, on a cause of action arising outside of the state, is nonetheless an undue burden on interstate commerce because of the presence of probable witnesses within the state; that courts may be deprived of jurisdiction which they would otherwise possess by the fact that the carrying on of the litigation imposes a burden on an agency of interstate commerce. In this opinion the Court used this language [284 U. S. 284, 52 S. Ct. 153, 76 L. Ed. 295] : "Further, as a practical matter, courts could not undertake to ascertain in advance of trial the number and importance of probable witnesses within and without the state and retain or refuse jurisdiction according to the relative inconvenience of the parties."

In the Davis case, the Court used this language [262 U. S. 312, 43 S. Ct. 557, 67 L. Ed. 996] : ''That the claims against interstate carriers for personal injuries and for loss and damage of freight are numerous;. that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in states and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers—these are matters of common knowledge.''

In my opinion these authorities mean that in a suit against an exclusive interstate carrier in a foreign state from where the cause of action arose, interstate commerce would be unduly burdened without any proof to that effect, in other words, that the courts will take judicial notice that interstate commerce is burdened. For illustration: An exclusive interstate public carrier operating in this state has an office in the State of Washington for the solicitation of that character of business alone which, under the laws of that state, subject it to the ordinary process of its courts. A cause of action arises in this state. The party entitled to bring it is a resident of the State of Washington and brings it there. It would be unnecessary to make proof that the inconvenience and expense of defending the action there would burden interstate commerce. Such burden would be presumed. And the distance between two states would not be controlling. Even though the state in which the action is brought adjoins the state in which it accrues, the same rule would apply. The courts will not stop to ascertain the distance between the two states in order to determine whether interestate commerce is burdened. The burden is presumed. However, if proof were required in this case, it was made. It was shown that all the witnesses except three (appellant being one) were nonresidents of

this state. The nonresident witnesses could have refused to attend the trial, thereby forcing the carrier to take their depositions—one result the court and jury would be deprived of seeing and hearing them testify and of observing their manner of doing so; in other words, they would be confined to the written word instead of the spoken word, which often has a very different meaning.

To illustrate how jealously the Supreme Court of the United States has guarded interstate commerce from unreasonable burdens by the states, it was decided in Houston Ry. Co. et al. v. United States, 234 U. S. 342, 34 S. Ct. 833, 58 L. Ed. 1341, that Congress had the power to control intrastate rates to the extent of preventing them from burdening interstate commerce.

I think that a consideration of the authorities relied on by appellee will show that they are not in point.

**Smith, C. J.**, delivered a dissenting opinion.

The judgment of the court below should be affirmed.

1st. The question asked the photographer on cross-examination by counsel for the appellee was proper, and the reply thereto was admissible. Evidence that a defendant charged with injuring the plaintiff is insured against liability therefor is not admissible on the issue of the infliction vel non of the injury for it has no relevancy thereto, but it is admissible when relative to other material issues in the case, among which is the bias or interest of a witness offered by the defendant. 5 Am. Jur. "Automobiles," sec. 622; 36 C. J. 1128, sec. 128; and Note Stehouwer v. Lewis, 74 A. L. R. 852. The appellee was entitled to have the jury informed as to why and for whom these photographs were taken in order to determine what weight they would give to them.

2nd. Even had the evidence been admitted, but wrongfully, the error thereby committed would have been harmless. If the question and answer indicated to the

jury that the appellant was protected by liability insurance, it could only have been because of the commonly known fact that liability insurance is carried by practically all owners of motor vehicles. It therefore brought nothing new into the knowledge of the jurors.

3rd. The question and answer was excluded from the jury's consideration, and they were charged expressly not to consider it. We should presume, if trial by jury is not to be abandoned, that jurors are honest and intelligent men; and, until the contrary appears will "true verdicts give according to the evidence," as required by their oath of office; will obey the instructions given them by the trial judge; and will discharge their duties as conscientiously as we discharge ours. If the trial judge excludes incompetent evidence when offered, he has discharged his full duty to a litigant and given him all the protection the law requires.

**Griffith, J.,** delivered a partly dissenting opinion.

In my judgment the better rule would be that which is involved in no labored verbal and mental strain, such as characterizes the efforts of those authorities which uphold the contrary conclusion, and that this better rule would be the plain and practical one, free from the mazes of hair-splitting distinctions, that where the nonresident defendant is engaged exclusively in interstate commerce, does no interstate business whatever with the people of this state, and where the injury happened or cause of action accrued wholly in another state, having no connection with anything done in this state, and where the scene of the happening and the law to be applied are matters obviously far more familiar there than could be made to appear here, and the witnesses dealing with the scene and who must be relied upon in a large measure to complete the picture thereof are residents of the state where the injury occurred, the courts of this state should take no jurisdiction of such a case. Such a rule would

not only look better on paper, but would better conduce to the real ends of justice, inasmuch as there must be applied in any event the law of the state where the cause of action accrued, and can be better applied by those who are in the territory where the alleged injury occurred, to say nothing upon the evident burdens upon commerce which the colonization of foreign cases inevitably entails.

There is said to be a rule in a popular game with cards that when the player finds himself in a debatable position, he takes the trick; but in the ethics of the law the rule undoubtedly is exactly the reverse, an attitude which it seems to me would better befit the entire procedural field than that of grasping for jurisdiction by which to take on outside lawsuits for outside occurrences if any visible peg can be found upon which to hang the excuse so to do. But voices in protest against it are lost in the din. And soon we may hear that when the freight cars of a railroad remotely located somewhere in the United States, or Canada, or Mexico, loaded solely with interstate freight, happen to touch rails within this state, local jurisdiction will thereupon attach for causes of civil action accruing anywhere north of the Canal Zone. But the liberty as well as the duty to protest are still left, for yet a while, at least; and these considerations, among others, lead me to the same conclusion, as to this particular case, which has been reached by Judge Anderson. He and I protested in Clark v. Louisville & N. R. Co., 158 Miss. 287, 130 So. 302, and here is the same old colonization program carried on merely in another form.

But since the majority has ruled in favor of taking jurisdiction I will add that I concur in the order of reversal and in the ground therefor, as stated in the majority opinion. But I am further of the opinion, in which ROBERDS and McGEHEE, JJ., concur that there should have been a peremptory instruction for the defendant, when the Louisiana law is applied to the facts, as that law must be applied since the injury occurred in that state.