WALLEY *et al. v.* WILLIAMS

(In Banc. Jan. 13, 1947.)

[28 So. (2d) 579. No. 36283.]

Hannah, **Simrall & Foote**, of Hattiesburg, for appellants.

Leonard B. Melvin, of Laurel, for appellee.

Argued orally by **T. C. Hannah**, for appellants, and by **Leonard B. Melvin**, for appellee.

**Griffith, J.**, delivered the opinion of the Court.

Appellants, operating as a partnership under the firm name of Richton Investment Company, were engaged in the business of the mining of gravel. One of the implements used was a Fordson tractor, firmly attached to the ground at the time being as a stationary engine.

Appellee averred and offered several witnesses to prove that some months before the personal injury here sued for,

one of the operators of this engine had observed that the third cylinder from the front, there being four, was not working well, and with a view to an increase of the intensity of the electric spark on the inside of that cylinder, he devised and began to use what is called a jump spark, which was done in this way: The wire leading from the magneto to the spark plug was detached from the plug and was attached instead to a short piece of pasteboard and the latter was then attached to the head of the spark plug in such a manner that the end of the wire would be held about half an inch from the connection head of the spark plug, with the result that when the distributor would successively send an electric current through that wire, the current would jump from the end of the wire to the spark plug; and it was averred that this jump spark was in use on the occasion in question as it had been for some months theretofore. The foregoing allegation and testimony about the presence and use of the jump spark was denied by several witnesses, including the mechanic regularly employed by appellants to look after the various machines used in the work, including this tractor.

The tractor used gasoline as the propulsion fuel. There was a gasoline tank situated immediately and about six or seven inches above the head of the cylinders, the spark plugs being in the head of the cylinders. It was alleged and some proof was made that this gasoline tank was leaking, but this averment was strongly disproved,—and at any rate, it is manifest that if the tank leaked, that fact played no part in the explosion, which is here involved.

But is was further averred, and proof was offered to the effect, that on the morning of the injury and after the tractor had been started, it was found that the gasoline tank was about empty and that appellee was directed by the foreman to fill the tank, and that when appellee was unable at the moment to find the can with a spout which was regularly used to fill the tank, the foreman directed appellee to take an open-faced bucket for the

task, and that when the appellee suggested that the engine ought to be stopped to do this with a bucket, the foreman declaimed that they didn't have time to stop.the engine and then have to crank it up again and that appellant must go ahead in a hurry to put in the gasoline with the bucket without looking further for the spout can regularly used and without stopping the engine; and that when appellee attempted to refuel the tank with the bucket through the three-inch opening at the top of the tank through which the gasoline had to be poured, there was a small quantity of gasoline which missed the opening and was ignited by the jump spark below, with the result that appellee was severely burned. The foreman denied that he gave any such an order, and in this denial he is supported by several pertinent circumstances.

Appellee was the first witness on the trial of the case, and upon the conclusion of his examination in chief and before the cross-examination had begun, one of the jurors projected himself into the conduct of the case and the following occurred:—

"By one of the jurors: Could I ask a question?

"By the Court: Yes, sir.

"By the juror: Were you paying insurance?

"By Mr. Hannah (attorney for the defense): We object.

"Answer: The company—

"By Mr. Hannah: We object.

"Answer: The company paid—

"By Mr. Hannah: We object.

"By the court: Objection sustained. That wouldn't be any evidence in this lawsuit, gentlemen. I sustain the objection to that question."

Immediately next following, and after the jury had been first retired, the defendants moved that an order of mistrial be entered and the jury discharged because of the injection of the matter of insurance into the case. The motion was denied and nothing further was said by the court to the jury about it.

Appellee argues that what happened was not sufficient to bring the question of insurance into the case. He says that the answers that the company paid could not have referred to appellants because they were a partnership, and again, that the answers were not full enough to be considered as supplying any real information about insurance. The partnership operated under the trade name of the Richton Investment Company, and throughout the entire record was spoken of by all the witnesses as the company. And when the witness was asked about insurance and he answered that the company paid, the jury, unless asleep, must have understood that the company had paid insurance; and again the fact that this juror was so intently concerned with the matter of insurance was enough to disclose that he was not a qualified member of the jury, when appellant was entitled to twelve jurors instead of eleven.

But appellee makes the unique argument that we should now lay aside all our previous decisions about insurance in cases such as this, beginning with Herrin v. Daly, 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605, because appellee says that at the present day most jurors know, as a matter of current information, that all enterprises employing more than a few workers carry liability insurance, and that when that issue is injected into the trial, the jurors are furnished no information beyond that which most of them already know.

For the reasons stated in the quotation found in Odom v. Walker, 193 Miss. 862, 11 So. (2d) 452, and turning also to what was said in M. & A. Motor Freight Lines v. Villere, 190 Miss. 848, at pages 857 to 859, 1 So. (2d) 788, we not only reaffirm what was held in those cases, but affirm that we have no intention to qualify or recede from them in the slightest. Moreover, we must decline to consider that jurors are aware as a matter of current knowledge that all employers carry liability insurance; but if we should accept that proposition as true, we would be confronted with the deeper question whether trials before

jurors of personal injury cases would be valid under the due process clause of the federal constitution, the effect of which is to require that trials shall be impartial tribunals of which tribunals in common law cases the jury is an essential part,—unless waived by the parties.

The judgment must be reserved for another reason, and that on account of the instructions granted at the request of appellee. Under the facts it was not enough that the tractor engine was being operated with a jump spark plug. The jump spark plug constituted no danger within itself in the over-all operations of that engine, and any danger therefrom would exist only when refueling while the engine was running,—leaving aside the allegation as to the leaking tank which, as already noted, manifestly had nothing to do with the explosion which occurred here. The engine would be safe in refueling (1) if it were stopped while refueling; or (2) if a can with a spout were used; or (3) if the wire to the third-cylinder spark plug were simply disconnected for the time being— a very simple and convenient operation. However, we will lay aside also for the present what has been said under the foregoing numeral(3) for the reason that it was not specifically dealt with either in the testimony or in the briefs.

Our books are full of cases to the effect that when a safe method is readily at hand by which an employee may perform a certain task and of his own accord he deliberately chooses to perform it in an unsafe manner, known to him to be unsafe, he may not complain of the employer because of the results.

In order to recover in this case, it is necessary, therefore, that having admitted that he was using an open-faced bucket to refuel his engine while it was in operation, he must prove that he was ordered by his foreman to do so in the manner that he did. Appellee recognized this in the preparation of his declaration and in the presentation of his proof. But instead of confining himself to the stated issue, upon the close of the evidence appellee

obtained nine instructions on liability, some of them purely in the abstract, and others which could easily be construed by the jury as permitting them to return a verdict for appellee if only they found that a jump spark plug was being used on the engine. We deem it unnecessary to pursue that subject further.

Reversed and remanded.

**Sydney Smith, C. J.,** did not participate in this decision.