LAGRONE *v.* HELLMAN

No. 40850          June 9, 1958          103 So. 2d 365

*Young, Daniel & Coker,* Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada, Crisler, Crisler & Bowling,* Jackson, for appellee.

HOLMES, J.

The appellant, Mrs. Willie Smith Lagrone, brought this suit in the Circuit Court of the First Judicial District of Hinds County against the appellee, Harry D. Helman, d/b/a Mississippi Nursing Home, seeking to recover damages for personal injuries alleged to have been sustained by her when she suffered a fall while a patient in the Mississippi Nursing Home.

The appellant charged in her declaration that on the night of January 2, 1957, at about 8 o'clock, she requested of the nurse on duty her nightly medication consisting of a pill or tablet, and that the nurse went to the medicine cabinet in the corridor of the Home to obtain the medication and suddenly, carelessly and negligently whirled around and struck the appellant, knocking her down and causing her to suffer a fracture of her left hip. The appellee answered the declaration denying the material allegations thereof, and averring that the appellant apparently fell from the effects of a dizzy spell. The case was submitted to the jury on the question of negligence vel non and the jury returned a verdict in favor of the defendant, appellee here.

On July 2, 1956, the appellant, Mrs. Willie Smith Lagrone, was admitted as a paying patient to the Mississippi Nursing Home, an institution duly licensed as a Nursing Home and owned and operated by the appellee, Harry D. Helman. Mrs. Lagrone was about 76 years of age, and was an ambulatory patient, not being confined to her bed or a wheel chair but being able to walk and move about without assistance. She was, however, afflicted with cerebral arteriosclerosis, the effect of which was to subject her to an occasional dizzy spell.

On the night of January 2, 1957, at about 8 o'clock, she had been in the living room of the Home viewing and listening to television, and tiring of the program, she decided to retire and walked back to the corridor near a medicine cabinet and asked the nurse on duty to get her nightly pill or medication. Miss Lou Davis, another patient, was seated in the corridor near the medicine cabinet and Mrs. Lagrone stopped to talk to her.

According to the appellee's version, the nurse obtained the pill and in handing it to Mrs. Lagrone, the latter dropped it and stooped to pick it up and became dizzy and fell to the floor and fractured her hip.

According to the appellant's version, the nurse, after getting the pill, turned suddenly and struck or bumped

into Mrs. Lagrone, knocking her to the floor and causing her to fracture her left hip. Mrs. Lagrone was not called as a witness in her own behalf. The record discloses that she was not so called for the reason that she was physically infirm and mentally disturbed. The only eye witnesses to the incident other than Mrs. Lagrone were Mrs. Eddie May Branning and Miss Lou Davis. These two witnesses testified in support of the appellee's version.

The appellant offered no direct proof as to how the incident actually occurred. To establish her charge of negligence, she relied upon the testimony of third parties as to statements ascribed to the appellee after the injury to the effect that the nurse, after getting the medicine, turned suddenly and bumped into Mrs. Lagrone and knocked her down. These statements were offered as admissions against interest or as contradictory of statements made by the appellee on other occasions. The appellee did not deny the statements ascribed to him but explained that they were made before his investigation revealed the true facts. The appellee was not a witness to the occurrence and himself had no personal knowledge as to how it occurred.

Assuming but not deciding that the evidence of admissions against interest or contradictory statements made by the appellee, who himself had no personal knowledge of the facts, is sufficient to create an issue for the jury on the question of the appellee's negligence, it is sufficient to say that this issue was submitted to the jury and was resolved by the jury in favor of the appellee. It is not contended by the appellant on this appeal that the verdict of the jury is contrary to the overwhelming weight of the evidence.

The appellant assigns as error and contends, however, that the ruling of the court with reference to the contents of a telegram which the appellee sent to his liability insurance company on the evening of January 3, 1957 was error. This contention and assignment arises as follows:

When the appellee, Helman, was on the stand, the appellant's counsel propounded to him the following question as shown by the record, including the answer thereto: "Q. Well, now isn't it a fact that on the night of January 3, which was less than 24 hours after this occurrence, that you composed a telegram in which you stated, 'one of my nurses collided with a patient in the corridor of the Nursing Home, fracturing the patient's femur?' " "A. That telegram was sent at the request of Mrs. Lang, the daughter, she asked me 'to do what you can'."

■■ ■ When this question was propounded and the answer thereto given, counsel for the appellee suggested that the jury retire. In the absence of the jury, the witness was asked if he did not on the night of January 3 address a telegram to his liability insurance company in which he stated substantially that one of the nurses collided with a patient in the corridor of the Nuring Home, fracturing the patient's femur. Objection was made to such testimony and following a long colliquy between counsel and the court, and arguments of counsel, the court announced that he was going to rule against the introduction of the testimony. The court refused to permit the development of this evidence before the jury, manifestly being of the opinion that to do so would necessarily disclose the fact that the appellee was covered by liability insurance. The appellant contends that the court erred in this ruling. Of course it is well settled under the decisions of this Court, as announced in the case of Herrin, etc. v. Daly, 80 Miss. 340, 31 So. 790, and subsequent cases in harmony therewith, that evidence of the fact that a defendant is covered by liability insurance is not admissible.

In the Herrin case the Court, referring to the question of the admissibility of evidence to show that a defendant is covered by liability insurance, said:

"It could not conceivably throw any light on the issue, and could have no other tendency than to seduce a ver-

dict on the ground that an insurance company, and not the defendants, would be affected.''

■■■ Whether the court was right or wrong in not permitting the development of the testimony with respect to the contents of the telegram, the ruling of the court could have had no prejudicial effect on the outcome of the case. As a matter of fact, the witness had already been asked if he sent such a telegram and had answered that he did at the request of Mrs. Lang, the daughter of appellant. There was no motion to exclude the question which had been propounded and the answer thereto, and, therefore, the testimony was before the jury. Further than that, there were numerous witnesses who were permitted to testify in the appellant's behalf that the appellee had made the remark, ''the nurse bumped into the patient and the patient fell'', or remarks of similar import. Therefore, the exclusion of testimony developing the contents of the telegram in question could not be deemed prejudicial, nor could it be deemed to constitute reversible error. Such evidence was merely cumulative of other evidence before the jury.

■■■ The appellant further contends that the court erred in excluding the testimony of witnesses who were offered by the appellant for the purpose of showing statements made by the appellant subsequent to the accident, which statements were to the effect that the nurse had bumped into the patient and had thereby caused the patient to fall. These statements were all self-serving, including the contents of the admission card at the Baptist Hospital, and were therefore incompetent. Such was held by this Court in the case of Head v. State, 44 Miss. 731. wherein the Court said: ''For the purpose of discrediting a witness, it is competent to prove that he made discordant statements, at other times and places, but to re-establish credibility, or to support what he has deposed on the trial, it is not admissible to prove that he has made substantially the same statements to a third person. . . . .''

Mrs. Lagrone did not testify as a witness in the case, and to permit evidence of self-serving statements made by her to third parties would not only violate the rule against the admissibility of self-serving declarations but would permit her to testify excuria without according to the opposite party the right of cross-examination. We think, therefore, that the trial court was clearly correct in excluding such evidence.

██ The appellant further complains that the court erred in the granting of two certain instructions to the appellee. The appellant's criticism of the instructions is that one fails to instruct the jury that a higher degree of care was owed the plaintiff by the defendant than under ordinary circumstances, and that the other instruction told the jury that negligence as used in the instruction means the doing of something that a person of ordinary prudence would not have done under like or similar circumstances, or the failure to do something that a person of ordinary prudence would have done under like or similar circumstances. Whether or not the appellant's criticism of these instructions contains merit, the appellant obtained an instruction which clearly informed the jury of the duty which the law imposed upon the appellee. This instruction told the jury that "it was the duty of the defendant to use reasonable care for the safety of the plaintiff, *consistent with her age and physical condition.*" (Emphasis ours). ██ Of course, all of the instructions are to be read together and when so read, we think that appellant's criticism is answered and that the jury were properly instructed as to the degree of care required to be exercised in the case before them.

In the light of the views hereinbefore expressed, we are of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.