The SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO, Plaintiff,

v.

Walter E. PHILLIPS et al., Defendants.

No. EC6549.

United States District Court
N. D. Mississippi, E. D.

Nov. 23, 1966.

George F. Woodliff, Heidelberg, Woodliff & Franks, Jackson, Miss., for plaintiff.

Junior O'Mara, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

CLAYTON, District Judge.

Defendants were engaged in the insurance business in Starkville, Mississippi, and wrote policies of insurance for their customers on behalf of the Shelby Mutual Insurance Company. In January of 1963, defendants issued an automobile liability policy in plaintiff's company with bodily injury limits of $100,000.00 for each person and $300,000.00 for each occurrence. Subsequently, plaintiff requested defendants to reduce the bodily injury limits of this policy to $10,000.00 for each person and $20,000.00 for each occurrence. It is alleged that defendants failed to so reduce the policy limits of this policy.

The complaint further alleges that afterward, in August of 1963, the vehicle covered by the policy was involved in an accident in the State of Alabama. As a result of this collision and the alleged failure of the defendants to effectively reduce the policy limits, plaintiff was required to pay more than $20,000.00 in settlement of suits against it resulting from the aforementioned collision. It is further alleged that plaintiff verbally

**800**

gave notice of settlement demands by parties in the Alabama suits and requested verbally that defendants participate in the settlement negotiations. The fact that defendants were asked to participate is not disputed, but is admitted by defendants in their answer and in the deposition of one of the co-defendants. Defendants were further asked to participate by plaintiff's letter dated November 12, 1964, a copy of which is attached to the complaint as an exhibit.

Defendants have moved to strike this letter, alleging that it can have no effect at the trial of this case other than to inform the jury of the fact that defendants have liability insurance coverage, since the letter makes reference to the errors and omissions liability carrier of the defendants.

■ In Mississippi evidence of liability insurance is admissible only in rare circumstances, see Finkbine Lumber Co. v. Cunningham, 101 Miss. 292, 57 So. 916 (1912), and generally when, as here, the insurance carrier is not a party to the suit and is not connected with the issues under consideration, evidence of liability insurance is not admissible, Lagrone v. Helman, 233 Miss. 654, 103 So.2d 365, 368 (1958), and if admitted would constitute grounds for a mistrial. Ingalls Shipbuilding Corp. v. Trehern, 155 F.2d 202 (5th Cir. 1946).

■ Since the letter only substantiates the fact that defendants were invited to enter into settlement negotiations, a fact which is admitted, its prejudicial effect in indicating the presence of liability insurance far outweighs its probative value.

There are no special circumstances here which would permit any exception to the general rule. Thus defendants' motion is well taken. Therefore, it is

Ordered:

Defendants' motion to strike Exhibit "C" to plaintiff's complaint shall be and is sustained, and said letter shall be and is hereby stricken.