PATTERSON, Justice:
This is an appeal from a judgment, in the sum of $15,000, of the Circuit Court of Greene County in favor of Ralph Hicks for injuries resulting from being shot by Deputy Sheriff Bernard Merritt.
On Sunday afternoon, March 7, 1965, Hicks, Hugh Mclnnis, a professional football player, and two of their friends were drinking beer and riding around the town of Leakesville. The proprietor of a service station complained to the city marshal of their presence at the station and of their having made such fast acceleration of their automobile that rocks had been thrown from under the tires against his establishment. Upon the request of the marshal, the occupants of the automobile left the service station though they continued to “ride around” the town. The marshal and Merritt, the deputy sheriff, had a conversation in regard to this incident, culminating in a statement by the deputy that “I’m going home and if they come this way, I’ll stop them and tell them to slow down and not be cutting up down town.”
Shortly after dark the deputy stopped the car being driven by Hicks. Mclnnis, who was the occupant of the right side of the front seat, remarked to his companions that he knew Merritt, the deputy sheriff, and that he would ascertain the reason for their being stopped. Thereupon he stepped out of the car and approached Merritt who was standing between the two cars within the illumination of their headlights. An altercation ensued between Mclnnis and Merritt, the testimony in regard thereto being in serious conflict. Hicks, the plaintiff, got out of the automobile in order to stop the fight, according to his version of the facts, but as he approached the two struggling men he was shot twice by the deputy who was, at the time of the shooting, according to the deputy’s version, on the ground, or attempting to arise therefrom, as the result of a blow from- Mclnnis, *36 and who thought that Hicks, though his identity at that time was unknown to the deputy, was coming to the aid of his assailant. As the result of this tragic event Hicks was severely wounded and permanently disabled.
Plaintiff brought this suit for actual and punitive damages against the sheriff, his official bondsman, United States Fidelity & Guaranty Company, and the deputy sheriff, which resulted in a joint and several judgment against the defendants in the sum above mentioned for actual damages, the court having instructed the jury that the facts did not warrant their consideration of punitive damages.
The sheriff, in his capacity as the chief law enforcing officer of the county, was under bond in the sum of $4,000 with the United States Fidelity & Guaranty Company. He was under bond with the same company in the sum of $25,000 in his capacity as the tax collector of the county. Neither of these bonds was attached to the declaration which led to the following events during the trial. The chancery clerk, the custodian of the official bonds of the county, was introduced as a witness for the plaintiff and by him the plaintiff attempted to introduce into evidence the official bonds of the sheriff in the following manner as reported by the record:
BY MR. HOLLEMAN: We offer in evidence the bonds filed on behalf of Clayton H. Smith, United States Fidelity & Guaranty Company, being bond No. 37146-0768864, in the amount of $4,000.00, and 37146-0768964, in the amount of $25,000.00 with leave to substitute a photostatic copy of those bonds in lieu of the original.
BY MR. MURPHY: Your Honor, may I see those in order to make an objection:
BY MR. HOLLEMAN: Certainly.
BY MR. MURPHY: May it please the Court, under our—
BY MR. HOLLEMAN: We object to any objection being made on that in the presence of the jury.
BY MR. MURPHY: He offered them in the presence of the jury and read from them and he hasn’t fully disclosed here and he hasn’t made the conditions of them, but that’s not my objection. My objection, number one, the statute says that he must attach to his declaration a copy of any document or instrument he intends to offer in evidence. That’s my objection, number one, and he hasn’t done that. My objection number two is, here he come in and he’s offering a $25,000 bond which is not the official bond with reference to this man as sheriff, it is merely as custodian—
BY THE COURT: Gentlemen, go to your room.
BY MR. HOLLEMAN: We object to that statement. We don’t agree with that at all.
# * >jc 3}S Jji ^
BY MR. HOLLEMAN: Comes now the plaintiff in this case and moves the Court to permit the plaintiff to amend his declaration by attaching copies of the bonds that are now offered in evidence as exhibits to the declaration.
BY THE COURT: I sustain the motion to amend his declaration to attach these bonds to it, both of them, and then I am going to sustain his objection to the $25,000.00. So take it out and let her mark it, one in evidence and the other for identification.
>fí * >{C % if
BY MR. MURPHY: Will the Court instruct the jury that he has admitted the $4,000 bond—
BY THE COURT: I may not even instruct them on anything. We haven’t gotten that far yet.
j{c * >}? *
BY MR. MURPHY: We renew our objection on the grounds that were given earlier in this cause and in view of the action of the Court, we respectfully move the Court to instruct the jury that they are not to consider the $25,000.00 bond, *37 when they return to the courtroom, that it is not a part of this law suit.
BY THE COURT: Overruled. * * *
Immediately thereafter the plaintiff rested his case.
At the conclusion of the trial the defendant requested and was refused the following instruction :
The Court instructs the jury that you will not take into consideration the testimony from the witness stand or statements made in Court with reference to the tax Collector’s bond in the amount of $25,000.00 and you are further instructed that said bond cannot be held liable in any event in a case of this kind.
The defendant assigns as error, among other things, the following:
The lower court erred in not instructing the jury that they could not consider tax collector’s bond, in the amount of $25,000.00, or consider it as the Sheriff’s official bond, after appellee’s attorney over objection had read the number and amount of the bond in the presence of the jury, along with the number and amount ($4,000.00) of the sheriff’s official bond, as shown by the record.
We have considered the numerous other assignments of error of the defendant and are of the opinion they are not well taken. A majority of the Court is of the opinion the quoted assignment of error constitutes reversible error and that the case should be remanded for a new trial.
The $4,000 bond covered Sheriff Smith’s law enforcement functions. The $25,000 bond covered his duties as tax collector. Attachment of the $4,000 bond to the declaration was not improper although done by amendment late in the trial.
The attempted introduction of the $25,000 bond, with specific reference to its number and amount in the presence of the jury, was highly prejudicial and in our opinion constitutes reversible error. The bond of the tax collector had no place in the record; it could not have been properly attached as an exhibit to the declaration; its purpose was to cover default of the sheriff as tax collector and could have been in no way subject to damages as the result of the sheriff’s law enforcing activities. The situation is quite analogous to a plaintiff’s attorney improperly making reference to liability insurance in damage suits in which type of case this Court has consistently held that evidence or statements before the jurors informing them of, or alluding to, the fact that defendant is insured against liability, is error. This Court in Odom v. Walker, 193 Miss. 862, 872, 11 So.2d 452, 455 (1943), adopted the language used in Standridge v. Martin, 203 Ala. 486, 84 So. 266 (1919), which said:
Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge.
See also Walley v. Williams, 201 Miss. 84, 28 So.2d 579 (1947); M. & A. Motor Freight Lines, Inc. v. Villere, 190 Miss. 848, 1 So.2d 788 (1941); Robertshaw Trustees v. Columbus & G. R. Co., 185 Miss. 717, 188 So. 308 (1939); and Herrin v. Daly, 80 Miss. 340, 31 So. 790 (1902).
As stated, the $25,000 tax collector’s bond had no proper place within this suit. Yet the court overruled an objection to it, refused to admonish the jury to disregard it, and finally, refused written instructions which would have directed the jury not to consider it. This is so prejudicial, in our opinion, that the scope of the prejudicial effect cannot be limited merely to the amount of damages, but extends also to liability of each of the defendants.
We are of the opinion, therefore, that the reference to the bond was so prejudicial as to necessitate reversal of the case so that it might be retried without mention of the tax collector’s bond.
Reversed and remanded.
All Justices concur.