RODGERS, Justice:
This litigation is commonly called a slip and fall suit. It originated in the Circuit Court of George County, Mississippi, and has previously been to this Court on appeal. See: Howell v. Ernest Yeager & Sons, Inc., 215 So.2d 702 (Miss. 1968). The facts set out in the former appeal will not be repeated except where necessary for clear understanding of the subsequent proceedings. It is sufficient to point out that the judgment entered by the trial court on a directed verdict in favor of the appellant here was reversed because of the uncontra-dicted testimony of the plaintiff and a witness as to a statement of the assistant store manager made at the time of the accident. He said: “I thought I carried all that bad stuff out, I might have dropped it but I didn’t think so.” This Court held that this statement, together with the facts offered by plaintiff, “was enough to make it a jury question.”
Upon retrial of the case in the trial court, it is admitted that: “It is true that the testimony of appellee and her witnesses is (sic) almost verbatim as that given on the first trial of the case.” It is contended, however, that the testimony of the ap *900 pellants’ witnesses to the effect that they did not see any evidence of a banana on the floor, in a foot tub, or on the person of the appellee, coupled with the testimony of Mr. Flurry, the assistant store manager, that he had cleaned the bins, carried out the refuse and swept the floor on Saturday night, and that the aisles were clean on the date of the accident, and that he had carried the garbage out along a route “two aisles away from where Mrs. Howell fell or slipped,” was testimony so overwhelming as to have entitled the appellant to a directed verdict.
We have searched the record carefully and we do not find in the testimony of Mr. Flurry a statement denying the plaintiff’s allegation that he might have dropped the banana. He tells how he carried out the garbage, how he cleaned and inspected the aisle, but he does not deny that he told plaintiff that he might have dropped the banana. We said on the previous appeal that this statement was sufficient to make a jury issue. Moreover, if the witness had denied that he made the alleged statement, the worth and weight of the testimony was for the consideration of the jury.
In Mississippi Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963), this Court, after an examination of many authorities on the subject, pointed out that the operator of a store owed to persons shopping on the store premises the duty to exercise ordinary, reasonable care to see that the premises are in a reasonably safe condition for the use of the invited shoppers. We pointed out that the liability of the store owner or shopkeeper “in failing to render the premises reasonably safe, or failing to warn invitees of existing dangers, must be predicated upon the proprietor’s superior knowledge concerning the danger.” We then pointed out that, where the proprietor caused the accident, notice is not necessary to the proprietor, but where others caused the store floor to become dangerous by reason of litter left thereon, it must be shown that the proprietor knew of the condition, or that the litter had remained on the floor for such a length of time that the proprietor should have known of the condition so as to remedy the dangerous situation.
The rule that has often been overlooked, but which was clearly enunciated in the Hughes case, is:
“In both types of cases, negligence of the defendant and notice to him may be found from circumstantial evidence of adequate probative value. * * * ” (247 Miss, at 584, 156 So.2d at 736).
We cited many authorities.
In the case of Hollie v. Sunflower Stores, Inc., 194 So.2d 217 (Miss. 1967), this Court pointed out the difference between the facts shown in the case of Moore v. Winn-Dixie Stores, Inc., 252 Miss. 693, 173 So.2d 603 (1965), and the facts in Hollie, supra. In Moore, the banana peel was black in color, was mashed as if it had been there a long time, and in Hollie, there was no evidence to show that the proprietor knew or should have known of the danger.
In the instant case, we have previously held that the statement of the assistant store manager was enough to establish a jury issue. We do not agree with the appellants that Mr. Flurry’s explanation is sufficient to overturn his statement that he cleaned out the rotten stuff, the bad stuff and he could have dropped the banana. In fact, the jury could have considered his testimony as corroborating the statement of the plaintiff since he admitted that he was the person who cleaned out the bins.
If the testimony shows (and the jury believed it) that there was a banana on the floor and the plaintiff was injured because of the banana, and if the shop owner or his agents put it there, or they were negligent in permitting it to fall in a place where their customers were invited to walk, the store owner was liable in damages for an injury caused by their negligent act. We are of the opinion that the *901 circumstances shown in this case are sufficient to present a jury issue.
It is next contended by the appellants that the appellants here were entitled to a new trial because one of the defendants said on cross examination “we got insurance.” This parenthetic, wholly disconnected expression arose during the cross examination of the witness, Mr. Bond. He was being examined with reference to what he did to determine why Mrs. Howell fell. He was asked:
“Q. Did you make any investigation to determine why she fell ?
“A. No, I did not, but the doctor, we got insurance, and my job is to call a doctor and to get her to a doctor, I mean it wasn’t any point in me trying to find out.”
The attorney for the defendants promptly made a motion for a new trial. After a hearing in the absence of the jury, the court overruled the motion. The ruling of the court is cited here as a reversible error.
The appellants have enumerated the many cases in which this Court has held that the introduction of evidence tending to show that the defendant is insured against the loss of damages claimed in the suit is a reversible error. See: Smith v. Hicks, 201 So.2d 35 (Miss. 1967); Walley v. Williams, 201 Miss. 84, 28 So.2d 579 (1947); M. & A. Motor Freight Lines, Inc. v. Villere, 190 Miss. 848, 1 So.2d 788 (1941); Odom v. Walker, 193 Miss. 862, 11 So.2d 452 (1934); Herrin v. Daly, 80 Miss. 340, 31 So. 790 (1902).
On the other hand, we have refused to reverse cases where an unsolicited statement about insurance was made inadvertently and voluntarily. In the case of City of Jackson v. Reed, 233 Miss. 280, 102 So. 2d 342 (1958), we enumerated many cases where new trials were not allowed and cat-alogued the areas in which a reversal was refused. We cited and quoted with approval from 4 A.L.R.2d 784 (1949) the general rule that:
“By weight of authority, if counsel propounds a question which calls for proper evidence, the fact that an irre-sponsive or inadvertent answer includes a reference to insurance will not be ground for declaring a mistrial.”
We approved the rule in Williams v. Moran, 233 So.2d 110. This rule is necessary; otherwise, every defendant who desired a new trial might obtain it by simply saying “we got insurance.” It is much simpler if attorneys for insurance companies would advise their clients not to tell the jury that they have insurance. However, the foregoing authority does not relax the rule that, where one causes the witness to mention that the defendant is insured against the loss for which the suit is brought, a new trial will be allowed.
In the instant case, the statement of the defendant witness does not constitute reversible error.
We have read and carefully analyzed the plaintiff’s instructions one, two and four complained of by the appellants, and while instruction number two is not clear, we are of the opinion that these instructions are not reversible error, particularly in view of the fact that the defendants obtained ample instructions covering every phase of the case and which, in some instances, placed a greater burden of proof upon the plaintiff than is required by law.
The judgment of the trial court is, therefore, affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ„ concur.